Opinion adopted March 27, 1888.

### No. 2309.

## PRESTON & SMITH *v.* SABINE & EAST TEXAS RAILWAY COMPANY.

1. RAILWAYS.—The material used in the construction of a railway on the land of another without right acquired from the land owner to place it on his land does not become such a fixture as to constitute it the property of the railway.

APPEAL from Jefferson.  Tried below before the Hon. W. H. Ford.

*Thomas J. Russell,* for appellant.

*C. L. Cleveland* and *O'Brien & John,* for appellee.

STAYTON, CHIEF JUSTICE.  This action was brought by the appellant to recover the value of rariload iron alleged to have been placed on land (now owned by appellant) by the East Texas Railway Company, as early as the year 1861.  The iron is alleged to have been placed on the land by that company in the ordinary construction of its road, and as a part of it.

The ground of the plaintiff's claim is that the road was constructed over the Butler league of land, without the right to occupy the land for that purpose having in any manner been acquired; that the railway thus became a part of the land and

passed to them when they purchased the land, in the year 1871, and that the appellee has converted the iron to its own use, and thus become liable to them as its owners.

The relation between the East Texas Railway Company and the appellee is thus stated in the petition: "Plaintiffs complain of the Sabine & East Texas Railway Company, a railroad company organized and chartered under and by authority of the laws of the State of Texas, and at the time of the acts of said company, as hereinafter complained of, was known as the East Texas Railway Company."

The inference from these averments is that the corporation under the two names is essentially the same, but how or when the change of name was made does not appear. The legal inference from the averments is that the corporation, under its present name, as against the appellants, has whatever rights the corporation had under its former name. Be this, however, as it may, to authorize a recovery by the appellants it would be incumbent on them to plead such facts as show that they have such right in or to the property alleged to have been converted as entitled them to recover its value. Their sole claim is that they are the owners of the land on which the railway was constructed, and that as this was done without the consent of the then owner of the land, and without having acquired in any legal manner the right so to use the land, the railway became a part of the realty and passed to them by their subsequent purchase.

There are some cases which, in effect, assert the principles necessary to support the appellants' claim, but they are founded on technical rules which it is believed ought not to be applied to such facts as appear in this case. The question as to the right of a land owner, when a railroad has been constructed on his land without his consent or without first in some way acquiring the right to the railroad or the material that enters into its structure, has arisen in many cases, in some of which it arose in determining the elements of damages the land owner was entitled to have considered in proceedings instituted to condemn the right of way subsequently to the construction of the road. The manner in which the question has arisen can not, however, affect the question of right or title to the material used in the construction of the road. If, when placed on land without right, it becomes the property of the land owner, it can no more be taken from him and applied to a public use, without compensation, than can the land on which it is placed.

The question was considered by the Court of Appeals of this State in the case of Railroad v. Hays, 5 Texas Law Review, 771, and it held that a railway constructed on land without right to do so did not become the property of the land owner. The reasoning of the court in that case seems to us correct and in accordance with the great weight of authority. (Justice v. Railroad, 87 Pa. State, 28; Morgan's Appeal, 39 Mich., 675; Dietrich v. Murdock, 42 Mo., 279; Lyon v. Railway, 42 Wis., 539; Railway v. Canton Co., 30 Md., 354; Railroad v. Armstrong, 46 Cal., 90; Railway v. Dunlap, 5 Am. and Eng. R. R. Cases, 378; Railroad v. Railroad, 20 Am. and Eng. R. R. Cases, 309; Hendry v. Railroad, 24 Am. and Eng. R. R. Cases, 287; Daniels v. Railroad, 41 Iowa, 52; Wagner v. Railroad, 22 Ohio State, 576; Jones v. Railroad, 70 Alabama, 228.)

The time at which this court will adjourn for the term is so near at hand that we can not now review the cases bearing on the question, or discuss the principles asserted in them, but it is sufficient to say that we recognize the correctness of the rulings made in them, and regard them as decisive of the correctness of the ruling of the court below.

The judgment will, therefore, be affirmed.

*Affirmed.*