# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA

Palmer et al., Appellants, *v.* Delaware, Lackawanna & Western R. R.

*Railroads — Switch — Abandonment of switch — Relocation of main line—Act of March 17, 1869, P. L. 12—Damnum absque injuria.*

1. There is no implied duty on a railroad company to maintain perpetually a switch track it has constructed for the accommodation of a neighboring property.

2. Where a railroad company changes the location of its right-of-way and tracks as authorized by the Act of March 17, 1869, P. L. 12, and does so in a lawful way, and such change necessitates the abandonment of a switch constructed on the property and for the accommodation of a manufacturing corporation, such corporation's loss is damnum absque injuria.

3. Where a railroad company has constructed such a switch, it may remove the rails, etc., when it abandons the switch, without accounting for the same to the owner of the land.

4. Where the owner has had the benefit of the switch for thirty-two years, he cannot recover what he originally expended in its construction; especially is this so in an action of trespass and where there is no evidence as to the value of the property removed, or of any damage done by the removal.

Argued February 20, 1923. Appeal, No. 277, Jan. T., 1923, by plaintiffs, from judgment of C. P. Lackawanna Co., Jan. T., 1919, No. 287, on verdict for defendant, in case of W. Scott Palmer et al. v. Delaware, Lackawanna

2  PALMER, Appel., *v.* DELAWARE, LACKA. & W. R. R.

& Western Railroad.  Before FRAZER, WALLING, SIMP-
SON, KEPHART, SADLER and SCHAFFER, JJ.  Affirmed.

Trespass for removal of switch.  Before NEWCOMB, J.
The opinion of the Supreme Court states the facts.

Judgment on directed verdict for defendant.  Plain-
tiffs appealed.

*Error assigned,* inter alia, was direction for defendant,
quoting record.

*J. H. Price,* with him *S. B. Price* and *C. B. Price,* for
appellant.—A contract with a railroad company for a
switch or siding, is valid;- the company may change its
line and remove the switch, but is liable for damages to
the interest obtained under the contract: Cumberland
Val. R. R. v. Baab, 9 Watts 458; Vandivort v. Ry., 249
Pa. 217; Brown v. Ry., 29 Pa. Superior Ct. 131; Boyd v.
R. R., 73 Pa. Superior Ct. 107; Mast v. R. R., 64 Pa.
Superior Ct. 203.

Trespass is the proper action: Zell v. Arnold, 2 P. &
W. 292; Reeside v. Reeside, 49 Pa. 322; Watterson v.
R. R., 74 Pa. 208; Duffield v. Rosenzweig, 144 Pa. 537;
Weisfield v. Beale, 231 Pa. 39.

*R. Harris,* of *Knapp, O'Malley, Hill & Harris,* with
him *G. W. Morgan* and *D. R. Reese,* for appellee.—A
railroad company which relocates its line of railroad
under the "Widening and Straightening Statute" is not
liable for consequential damages due to such relocation:
New York & Erie R. R. v. Young, 33 Pa. 175; Branson
v. Phila., 47 Pa. 329; Heyl v. R. R., 51 Pa. 469; Saylor v.
Canal Co., 183 Pa. 167.

OPINION BY MR. JUSTICE WALLING, March 12, 1923:
The plaintiffs, W. Scott Palmer et al., were owners of
land in Glenburn Borough, Lackawanna County, with
an ice pond, ice houses, etc., thereon.  The main track

of the Delaware, Lackawanna and Western Railroad Company, defendant, was near by and in 1883 it built a switch or turnout to the ice plant, which it extended, about 1890, to a new ice house on the same property. Plaintiff paid defendant one-half the initial cost of the original switch and did $200 worth of grading on the extension. As an inducement to build the switch, plaintiffs agreed to and did ship 5,000 tons of ice over defendant's road the first year. The agreement as to the switch was verbal, with no express stipulation as to how long it should remain; but defendant kept it in repair and in use for thirty-two years, when, upon notice to plaintiffs, it abandoned the switch and removed the rails, spikes, etc. Thereafter, plaintiffs brought this suit in trespass for alleged damages resulting therefrom. The cause of the abandonment of the switch was defendant's relocation of its main line on ground half a mile away and so much higher as to render a switch connected with plaintiffs' plant impracticable. The trial judge directed a verdict for defendant and, from judgment entered thereon, plaintiffs have appealed.

There is no doubt of defendant's good faith in the construction of the switch or the subsequent change of location of the road; the latter is expressly authorized by statute: Act of March 17, 1869, P. L. 12, 4 Purdon's Digest, 13th ed., 3856. There is no implied duty on a railroad company to perpetually maintain a switch track it has constructed for the accommodation of neighboring property. To compel a railroad company to pay all the consequential damages resulting from a change of its original location would practically nullify the statute authorizing such change. A railroad company is not required to keep open a dead section of its original line for the benefit of those who had previously enjoyed shipping facilities thereon (see Saylor v. Penna. Canal Co., 183 Pa. 167); here defendant's former right-of-way through Glenburn now forms a section of the state highway known as "The Lackawanna Trail." Defendant's

change of location of its right-of-way and track was a lawful act done in a lawful way and, as that necessitated the abandonment of the switch, plaintiffs' resulting loss was damnum absque injuria. "It is a general rule that no one has a vested right to be protected against consequential injuries arising from a proper exercise of rights by others; this rule is peculiarly applicable to injuries resulting from the exercise of public powers": Cooley's Constitutional Limitations, 7th ed., 548. "No cause of action arises from the doing of a lawful act or the exercise of a legal right, if done or exercised in a lawful and proper manner, the resulting damage, if any, being damnum absque injuria": 1 C. J. 965. These and other authorities are cited by the present Chief Justice in Jackman v. Rosenbaum Co., 263 Pa. 158, 170. To like import are: Cleveland & Pittsburgh Railroad Co. v. Speer, 56 Pa. 325; see also Penna. R. R. Co. v. Lippincott, 116 Pa. 472. We recently held the Commonwealth not liable to a property owner for damages resulting from change of location of a state highway (Saeger v. Com., 258 Pa. 239), neither is there any liability where the State changes the use of navigable waters: Susquehanna Canal Co. v. Wright, 9 W. & S. 9; Shrunk v. Schuylkill Navigation Company, 14 S. & R. 71; Monongahela Navigation Company v. Coons, 6 W. & S. 101; Rundle et al. v. Delaware and Raritan Canal Company, 55 U. S. 79.

Plaintiffs' main claim is for loss of the shipping facilities, resulting in a depreciation in the market value of their property; but, for such, defendant, whose act in changing its location was lawful, is not liable. See New York and Erie Railroad Company v. Young, 33 Pa. 175; Branson v. City of Philadelphia, 47 Pa. 329. Moreover, the existence and use for years of a turnout from the main line of a railroad and expenditures thereon, do not give the landowner an irrevocable right to maintain the same: Heyl v. Philadelphia, Wilmington & Baltimore R. R. Co., 51 Pa. 469. There Mr. Justice AGNEW, speak-

ing for the court, says (p. 474) : "This case differs totally from those instances of privilege in or upon private property granted by individuals having an absolute dominion over their own estates, fettered by no public duty, where the expenditure of money in pursuance of the license can be accounted for on no other presumption than that of a mutual understanding that the privilege should remain unaltered." The general rule is stated in 33 Cyc. 637, 638, as follows: "Railroad companies cannot be required to construct switches or spur tracks away from their lines to accommodate individual interests, and if so constructed for the accommodation of a private warehouse, mine, quarry, or the like, may be discontinued by the railroad company in the absence of any contract to continue their operation for a particular length of time, provided a reasonable notice of such intention be given, unless there is some constitutional or statutory provision to the contrary." We need not consider the validity of an agreement as to the duration of such service, for here there was none.

Plaintiffs also claim for the rails, etc., removed by defendant. As to this it must be remembered that the switch from the beginning was defendant's property and in its possession and the placing and maintaining it upon plaintiffs' land was by their consent and not a trespass, and under no aspect of the case did it become their property; furthermore, it does not appear that any material removed by defendant was in the original switch to which plaintiffs contributed.

A railroad company, clothed with the right of eminent domain, does not forfeit title to the property it places upon the land of another, even where its act in so doing was a trespass (which this was not) : Justice v. Nesquehoning Valley Railroad Co.; 87 Pa. 28; Nittany Valley R. R. Co. v. E. S. & I. Co., 218 Pa. 224, 230; Titus v. Poland Coal Co., 275 Pa. 431. As defendant was in possession of its own property, the removal thereof did not constitute a trespass; moreover, no evidence was offered

as to the value of the property so removed, or of any damage thereby done to plaintiffs' land. After having the benefit of the switch for thirty-two years, we are not prepared to hold that plaintiffs can recover what they expended in its construction, especially in the absence of any contract to that effect; certainly not in an action of trespass. We have not overlooked the cases cited where landowners have recovered damages from railroad companies for arbitrary disconnections of live switches, or for breaches of contracts relating to rights of way, etc., but each of those cases presents facts entirely different from the case at bar. We have given every phase of the case consideration, but find no ground upon which plaintiffs' suit can be sustained.

The judgment is affirmed.