TEXAS & NEW ORLEANS RAILROAD COMPANY V. MRS. NELLIE
GILLETT SCHOENFELD ET VIR.

No. 7567.   Decided January 22, 1941.
Rehearing Overruled March 19, 1941.
(146 S. W., 2d Series, 724.)

*Baker, Botts, Andrews & Wharton,* of Houston, *Brooks, Napier, Brown & Matthews* and *Harper MacFarlane,* of San Antonio, for plaintiff in error.

*Ingrum & Morris,* of San Antonio, for defendants in error.

MR. JUSTICE SHARP delivered the opinion of the Court.

Mrs. Nellie G. Schoenfeld, joined by her husband, Charles M. Schoenfeld, filed this suit against the Texas & New Orleans Railroad Company to recover damages alleged to have been sustained by virtue of the removal by the Railroad Company of its spur track which had been situated on a tract of land owned by Mrs. Schoenfeld. The case was tried before the court without the aid of a jury, and the trial court entered judgment in favor of Mrs. Schoenfeld, and against the Texas & New Orleans Railroad Company, for the sum of $2203.12; from which judgment the Railroad Company appealed to the Court of Civil Appeals at San Antonio, and the judgment of the trial court was affirmed. 124 S. W. (2d) 910.

A portion of the spur track involved in this suit was originally built by the San Antonio & Aransas Pass Railway Company in the year 1907, for the purpose of serving lime kilns constructed on land which in 1919 Charles M. Schoenfeld purchased with the view of establishing a rock quarry. Charles M. Schoenfeld purchased the 60 acres of land, on which the spur track was located, in 1919, for the sum of $6,000.00. Schoenfeld shipped out many carloads of rock. In 1924 he entered into a contract for an extension of the spur. In December, 1931, Schoenfeld sold and conveyed the tract of land to his wife, Mrs. Nellie G. Schoenfeld. In 1936 the Texas & New Orleans Railroad Company, being the successor in title to all the property theretofore belonging to the San Antonio & Aransas Pass Railway Company, entered upon the 60 acres and took up the ties, etc., out of which the spur track had been built, and removed same from the premises.

The trial judge made extensive findings of fact, which are copied in the opinion of the Court of Civil Appeals. Without copying such findings in this opinion, we refer to the opinion of the Court of Civil Appeals for such findings. We shall state the substance of such findings in this opinion which are pertinent to the questions considered and discussed. The trial court found:

(a) That at the time Charles M. Schoenfeld entered into possession of the 60 acres of land there was situated upon the 60 acres of land a spur railroad track, approximately 651 feet in length from the switch point on the San Antonio & Aransas Pass Railway, Kerrville Division Main Line, to the terminus of such spur on said 60 acres of land, of which spur 213 feet were on the railroad right of way and 438 feet at that time, October 14, 1919, were on said 60 acres.

(b) That on September 14, 1936, the Texas & New Orleans Railroad Company removed 838 feet of track; approximately 213 feet being on the right of way and the remaining 625 feet being on the 60 acres of land owned by Schoenfeld.

(c) The court further found that Charles M. Schoenfeld owned no railroad cars or locomotives, except some narrow-gauge equipment, which would not be susceptible of use on the spur track involved in this controversy; and that the cars and locomotives operated on the spur track were operated by the Texas & New Orleans Railroad Company.

(d) The court found that a section of said spur track.involved was originally constructed in 1907 by the San Antonio & Aransas Pass Railway Company, and that said Company constructed an addition of 60 feet to the spur track in 1908; and in 1914 a second extension, of 90 feet, was added to the track of the San Antonio & Aransas Pass Railroad Company.

(e) The trial court concluded that the spur track involved in the controversy was not at any time, and never became, a permanent fixture and a part of the realty, and that, therefore, the said Charles M. Schoenfeld did not acquire title to said spur track upon purchase of the real estate in 1919, and that, therefore, Mrs. Nellie G. Schoenfeld did not acquire title to such spur upon her purchase from Charles M. Schoenfeld in 1931.

■ The Railroad Company contends that the Court of Civil Appeals erred in holding that a railroad company in Texas does not have the power of eminent domain to condemn property for a right of way to reach a lime kiln or rock quarry on private

property. As we interpret the opinion, it is held that, under the facts existing in this case, the Railroad Company could not exercise the right of eminent domain. It is not questioned that the Railroad Company is legally incorporated under the law. Its right to condemn property for a right of way necessarily follows. That the Railroad Company has the power, under the law, if necessary, to condemn property like that in controversy, is now, we think, clearly established. See Articles 6316a, 6319, 6336, 6351, 6509, and 6550, Revised Civil Statutes of 1925; West v. Whitehead, 238 S. W. 976 (writ of error refused); Buffalo Bayou, B. & C. R. Co. v. Ferris, 26 Texas, 588, 598; Croley v. St. Louis, etc., R. Co., 56 S. W. 615; Kansas & T. C. R. Co. v. Northwestern Coal Co., 161 Mo. 288, 61 S. W. 684, 51 L. R. A. 936, 84 Am. St. Rep. 717; Holly Shelter Ry. Co. v. Newton, 133 N. C. 132, 136, 45 S. E. 549; Butte, A. & P. R. Co. v. Montana U. R. Co., 16 Mont. 504, 41 Pac. 232, 31 L. R. A. 298, 50 Am. St. Rep. 508; Ulmer v. Lime Rock Ry. Co., 98 Me. 579, 57 Atl. 1001, 66 L. R. A. 387; Bridal Veil Lumbering Co. v. Johnson, 30 Or. 205, 46 Pac. 790, 34 L. R. A. 368, 60 Am. St. Rep. 818. This contention is sustained.

The Railroad Company further contends:

(1) That the Court of Civil Appeals erred in holding that where a railroad constructs a spur track to connect its main line with the lime kiln or rock quarry, the material in that portion of such spur, constructed upon land not belonging to the railroad, constituted a portion of the underlying real estate, so that title to said material would pass under a deed to the underlying real estate.

(2) That the Court of Civil Appeals erred, as a matter of law, in failing and refusing to reverse the conclusion of the trial court that on December 14, 1931, Charles M. Schoenfeld had acquired title by adverse possession to the 438 feet of spur track that was constructed before October, 1919.

The opinion of the Court of Civil Appeals overruled and reversed the conclusion of the trial court, which held that the material in the track in controversy was not a permanent fixture, and did not become a part of the real estate; so that title to such material did not pass by virtue of the delivery of a deed to the underlying real estate.

The evidence disclosed that the only use made of said track was by the locomotives and cars of the Texas & New Orleans Railroad Company and the San Antonio & Aransas Pass Railway Company, operated by employees of such railroads; and

hence no use of the spur track hostile to the Railroad Company was shown.

■ It is necessary, as a matter of law, in order to acquire title to personal property by adverse possession, that such property be in the possession of the party claiming title for the required time; that such property be used by the claimant; and that the possession and use be under claim of right exclusive and hostile to the owner. The mere fencing of the real property would not meet the requirements essential to acquire by limitation the personal property located thereon. The findings made in this case, with respect to such personal property, fail to show such claim, possession, and use by the Schoenfelds as would justify the legal conclusion that they had acquired such property from the Railroad Company by limitation.

The Schoenfelds claimed that the track was part of the real estate in 1919 and 1920, so that Charles M. Schoenfeld acquired title to the track by virtue of a contract executed in 1919 and a deed in 1920, which purported to convey only real estate. If the track was not real estate in 1920, then Schoenfeld did not acquire title to the track by such deed, and the subsequent conduct and actions of the parties would not affect the status of the track at the time the deed was executed. Texas & Pacific Ry. Co. v. Hays, 3 Wilson Civ. Cases, Texas Appeals 79, Sec. 56; Preston v. Sabine & East Texas Ry. Co., 70 Texas 375, 7 S. W. 825; Farrar v. Nashville, C. & St. L. Ry. Co., 162 Tenn. 313, 36 S. W. (2d) 95; Palmer v. Delaware, L. & W. R. Co., 277 Pa. 1, 120 Atl. 668; Jones v. Southern Ry Co., 285 Fed. 19; Louisiana, R. & N. Co. v. Cash Grocery & Sales Ca., La. App. 150 So. 57; Sonken v. Gemmill, 94 Ind. App. 114, 151 N. E. 355; Northern Pacific Ry. Co. v. Tacoma Junk Co., 138 Wash. 1, 244 Pac. 117; Raulf Co. v. Harris, 195 Wisc. 311, 218 N. W. 206; Talley v. Drumheller, 143 Va. 439, 130 S. E. 385; Northern C. R. Co. v. Canton, 30 Md. 347; Illinois, C. R. Co. v. Hoskins, 80 Miss. 730, 32 So. 150; Cayuga R. Co. v. Niles, 13 Hun. 170 (N. Y.); American Steel & Iron Co. v. Taft, 109 Vt. 469, 199 Atl. 261; Hubbard v. Mo. Pac., 288 Fed. 945; Placer County v. Lake Tahoe Ry. & Trans. Co., 58 Cal. App. 764, 209 Pac. 900; St. Louis, K. & S. W. R. Co. v. Nyce, 61 Kan. 394, 59 Pac. 1040; Ill. Cent. R. Co. v. LeBlanc, 74 Miss. 650, 21 So. 760; Helena & Livingston Smelting & Refining Co. v. Northern Pacific Ry. Co., 62 Mont. 281, 205 Pac. 224, 21 A. L. R. 1080.

The case of Palmer v. Delaware, L. & W. R. Co., supra, involved the construction of a spur track to an ice house. The track was constructed under a verbal agreement. In 1915 the

railroad removed the spur, and the owner of the land sued the railroad company for trespass. In the course of the opinion the Supreme Court of Pennsylvania held:

"A railroad company, clothed with the right of eminent domain, does not forfeit title to the property it places upon the land of another, even where its act in so doing was a trespass (which this was not). Justice v. Nesquehoning Valley Railroad Co., 87 Pa. 28; Nittany Valley R. R. Co. v. E. S. & I. Co., 218 Pa. 224, 230, 67 Atl. 349; Titus v. Poland Coal Co., 275 Pa. 431, 119 Atl. 540.

"As defendant was in possession of its own property, the removal thereof did not constitute a trespass."

In the case of St. Louis, K. & S. W. R. Co. v. Nyce, supra, the owner of real estate sued a railroad to recover damages for land converted by the railroad and to recover the value of a depot, 1700 feet of side track, and a mile of main line track. From a recovery in favor of plaintiff, for both the value of the real estate and the tracks on the real estate, the railroad company appealed. In the course of the opinion the Supreme Court of Kansas used the following language:

"The road was alone adapted for the transportation of persons or property. All its parts were merely accessory for its business, and were put on the land for this purpose, and not as accessories to the land over which the road was to pass. That part of the road built on the premises of the party plaintiff in error in the suit, disconnected from other parts of the road could not be operated and would be useless as a railroad, nor could it serve any useful purpose as an appurtenance to the land on which it was built."

■ The rule has long been established in this State that material in railroad tracks is regarded as being personal property, and in erecting spur tracks and other tracks on land not owned by it, upon discontinuance of the tracks the railroad company could remove the material of which they were made. It has also been held that material in a railroad track remains personal property, and does not become a part of the underlying real estate. Preston v. Sabine & East Texas Ry. Co., 70 Texas 375, 7 S. W. 825.

The trial court concluded "as a matter of law that notwithstanding the repairs and replacements and the extensions of and to said spur track made by the said Chas. M. Schoenfeld from 1919 to 1925 that the said Chas. M. Schoenfeld did not

acquire title thereto by virtue of having made said repairs, replacements and rehabilitations."

■ The trial court correctly held that the spur track involved in this controversy was not at any time, and never became, a permanent fixture and a part of the realty, and that the said Schoenfeld did not acquire title to said spur upon the purchase of said real estate in 1919, and that Mrs. Schoenfeld did not acquire title to said spur upon her purchase of said land from the said Charles M. Schoenfeld in 1931.

It clearly appears that the facts of this case have been fully developed. Therefore the conclusions to be based on the above findings of fact become questions of law, and under the authorities above cited the Court of Civil Appeals erred in holding that the material placed in the spur track became part of the realty and belonged to the Schoenfelds.

The trial court correctly held, as a matter of law, that the Schoenfelds did not acquire the spur track by virtue of their having acquired the realty. The trial court erred in holding, under the facts involved in this case, that the Schoenfelds acquired such property by limitation. The Court of Civil Appeals erred in holding that the material in such track constituted a portion of the underlying real estate, so that title to said material would pass under a deed to said real estate, and furthermore erred in affirming the judgment of the trial court.

The judgments of the trial court and Court of Civil Appeals are reversed, and judgment is here rendered that the Schoenfelds recover nothing against the Texas & New Orleans Railroad Company.

Opinion delivered January 22, 1941.

Rehearing overruled March 19, 1941.