### FEDERAL ELECTRIC CO., Inc., v. JOHNSON.

#### No. 11698.

Court of Civil Appeals of Texas. Galveston.
April 19, 1945.

Rehearing Denied May 9, 1945.

G. Frank Lipper, of Houston, for appellant.

James G. Donovan and William P. Longcope, both of Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellant, Federal Electric Company, Inc., for the recovery of the possession of an electrical display sign which had been leased to appellee, Simon H. Johnson. In the alternative appellant sued for the value of said sign, alleged to be $195, and for the recovery of certain rentals alleged to be due. Appellant alleged that, at the time of the expiration of the contract for the lease of said electric sign, appellee was in default in the payment of rentals due for the use and maintenance of said sign and that upon appellee's request and upon his agreement to make monthly payments on said past-due rentals from November, 1942, to February, 1944, appellant had agreed to allow him the continued use of said sign. It alleged that on or about June 6, 1944, it had, for the first time, made demand upon appellee for the return of said sign or the release thereof, and that appellee had then refused to allow said sign to be removed from his place of business; that prior to this time, it had no

knowledge that appellee was making any claim of ownership of said sign.

Appellee answered by special exceptions and a general denial. He specially pled the two-year statute of limitation. Article 5526, Revised Statutes of 1925.

At the conclusion of appellant's testimony appellee rested. He offered no evidence in support of his adverse claim to the personal property in controversy and introduced no evidence showing a repudiation of his contract for the lease thereof. The trial court rendered judgment that appellant take nothing by its suit, for the stated reason that appellant's cause of action was barred by the two-year statute of limitations. No findings of fact were made or filed by the trial court.

The material facts are undisputed. They are substantially as pléd. By written instrument dated March 27, 1939, appellee leased the electrical display sign in controversy from Claude Neon Electric Company, Inc., for a period of three years from the date of its installation, for a stated monthly rental. It was installed on May 9, 1939. It was stipulated by the parties that appellant had succeeded to and become subrogated to all the rights of the Claude Neon Electric Company, Inc., in the sign and in said lease contract. The lease agreement expressly provided that said sign was and should remain the property of the lessor company. It further provided that the lease agreement should be deemed renewed for a further period of blank months at the expiration of the original term of the agreement unless at least thirty days before the said expiration written notice should be given by either party to have the agreement terminated.

At the time of the expiration of the term of the rental agreement, on May 9, 1942, appellee was in default in the payment of rentals due for the use and maintenance of said sign in the sum of $140.36. It was stipulated by the parties that appellee's business had been impaired by Federal tire rationing and that, after this account had been turned over to appellant's agent, T. L. Lockridge, for collection, appellee had requested Lockridge to be lenient with him in the payment of the account and that Lockridge had allowed payment to be made thereon through 1943 and ending in February, 1944. Appellee was allowed to retain such sign and no charges were made by appellant for its rental or maintenance from May, 1942, to June, 1944. It is undisputed in the record that in June, 1944, appellee, for the first time, refused to allow appellant's agents to remove said sign from his place of business and that, at that time, he, for the first time, claimed title thereto.

The parts of said Article 5526 material to this appeal, read: "There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions and suits in court of the following description: * * * 2. Actions for detaining the personal property of another, and for converting such property to one's own use. * * *"

In the recent case of Texas & N. O. R. Co. v. Schoenfeld, 136 Tex. 173, 146 S. W.2d 724, 726, the Supreme Court of this state, in construing said Article 5526, has announced the rule that, "It is necessary, as a matter of law, in order to acquire title to personal property by adverse possession, that such property be in the possession of the party claiming title for the required time; that such property be used by the claimant; and that the possession and use be under claim of right exclusive and hostile to the owner."

2 Texas Jurisprudence, page 69, lays down the rule that the running of the statutory period under said Article 5526 commences at the time when notice of the adverse claim is brought home to the owner. Continuing, at page 72, Section 27, it is said that: "If the claimant's possession began in subordination to the title of the owner,—e. g., the chattel having been placed in his hands by the owner for storage—the statute is deemed not to have commenced to run as long as the relationship of the parties continued, or, if the contractual relation was repudiated, until the notice of the repudiation was conveyed to the owner, either directly or by adverse acts or claim of ownership so notorious that the owner, in the exercise of ordinary care, considering the circumstances, may be presumed to have known thereof."

In this case no evidence was offered by appellee to controvert appellant's evidence that its cause of action accrued less than two years before the suit was filed. It is undisputed in the record that the electric sign in question was placed in appellee's possession under the rental contract which became effective on May 9, 1939. It was stipulated by the parties that payment of the rentals under said lease contract was discontinued at appellee's request, due to the fact that appellee's business was im-

paired by Federal tire rationing, and it is undisputed that appellee was left in possession of said sign and that he continued the payments of the past-due rentals thereon until June, 1944, at which time he, for the first time, gave appellant's agent notice of his repudiation of its ownership of said personal property and his claim of ownership thereof. This action was filed on October 18, 1944.

Under the undisputed facts in this case, appellee did not notify appellant of his repudiation of his contract for the lease of said electric sign, or of his claim of ownership thereof, more than two years prior to the filing of this suit, and appellee's possession of said property and his actions in connection therewith were not of such an open, notorious, visible or hostile nature as to raise the presumption that appellant had notice that his right of ownership thereof was being invaded intentionally with the purpose of asserting an adverse title to said property.

It follows from above conclusions that the judgment of the trial court that appellant take nothing by its suit must be reversed and judgment here rendered awarding the title and possession of said electric sign to appellant.

We find no warrant in the record to sustain appellant's claim for rental in the sum of $12; hence no recovery as to it is awarded.

Reversed and rendered.