Affirmed and Opinion filed April 3, 2008








Affirmed and Opinion filed April 3, 2008.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00696-CV

____________

 

HARRIS COUNTY FLOOD CONTROL
DISTRICT,
Appellant

 

V.

 

ROGERS ROBERTS, CITY OF HOUSTON,
JESSIE R. LAY AND UNKNOWN OWNERS, STATE OF TEXAS, AMERICAN RESIDENTIAL SERVICE,
INC., LEASECOMM CORPORATION, ABBOTT LABORATORIES, INC., HARRIS COUNTY, TEXAS,
HOUSTON COMMUNITY COLLEGE SYSTEM, HOUSTON INDEPENDENT SCHOOL DISTRICT, AND
CLEAR CHANNEL OUTDOOR, INC., Appellees

 



 

On Appeal from the County
Civil Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 769,730

 



 

O P I N I O N








A condemning authority asserts that the trial court erred
in valuing a leasehold interest because, as a matter of law, a billboard sign
structure erected on the condemned land was not a fixture that had become part
of the realty at the time of the taking.  Under the applicable standard of
review, we conclude that the trial evidence in the bench trial is conflicting
on this issue and that the condemning authority has not shown that, as a matter
of law, the billboard sign structure in this case was not a fixture at the time
of the taking. The condemning authority also asserts that the trial court erred
in admitting certain expert testimony; however, we conclude that the authority
failed to preserve error on this point.  We affirm the trial court=s judgment.

                        I.  Factual and Procedural Background

Appellant
Harris County Flood Control District (hereinafter the ADistrict@) filed this action seeking to condemn the
interests of the following appellees in 0.6156 acres of land in Harris County,
Texas (hereinafter ALand@):  Rogers Roberts,
City of Houston, Jessie R. Lay and Unknown Owners, State of Texas, American
Residential Service, Inc., Leasecomm Corporation, Abbott Laboratories, Inc.,
Harris County, Texas, Houston Community College System, and Houston Independent
School District (hereinafter collectively AOther Owners@).  The District
also sought to condemn the leasehold interest in the Land owned by appellee Clear Channel Outdoor, Inc. (AClear Channel@), but the District did not seek to
condemn personal property, which it alleged included the billboard sign
structure that was
attached to the Land at the time of the taking (hereinafter ASign Structure@).  The District and Clear Channel
disputed the amount of just compensation that the District was required to pay
Clear Channel for its leasehold interest in the Land (hereinafter ALeasehold Interest@).  








At
trial, Clear Channel=s expert testified that the fair market value of the
Leasehold Interest on the date of the taking was $63,500, based on two
approaches that yielded valuations of the Leasehold Interest at $58,400 and
$71,100.  The District=s expert, however, testified that the fair market value of
the Leasehold Interest on the date of the taking was $53.98.   After a bench
trial, the trial court found that the fair market value of the Leasehold
Interest on the date of the taking was $60,000, and the trial court rendered
judgment awarding this amount to Clear Channel as just compensation for the
taking of its Leasehold Interest.[1]  The District
appeals the trial court=s judgment. 

                      II. 
Standard of Review

When reviewing the legal sufficiency of the evidence, we
consider the evidence in the light most favorable to the challenged finding and
indulge every reasonable inference that would support it.  City of Keller v.
Wilson, 168 S.W.3d 802, 823 (Tex. 2005).  We must credit favorable evidence
if a reasonable factfinder could and disregard contrary evidence unless a
reasonable factfinder could not.  See id. at 827.  We must determine
whether the evidence at trial would enable reasonable and fair-minded people to
find the facts at issue.  See id.  The factfinder is the only judge of
witness credibility and the weight to give to testimony.  See id. at
819.  Because findings
of fact in a bench trial have the same force and dignity as a jury verdict, we
review them for legal sufficiency of the evidence under the same standards we
apply in reviewing a jury=s findings.  Catalina v. Blasdel, 881 S.W.2d 295, 297
(Tex. 1994).

                      III.  Issues and Analysis

A.      Does the trial evidence
show that, as a matter of law, the Sign Structure was not a fixture at the time
of the taking?








Under its first issue, the District argues that, as a
matter of law, the Sign Structure was not a fixture at the time of the taking. 
Therefore, the District argues, Clear Channel is entitled only to the bonus
value of the lease as just compensation, an amount which the District=s expert testified
was $53.98.  Three factors are relevant in determining whether personalty has
become a fixture, that is, a permanent part of the realty to which it is
affixed: (1) the mode and sufficiency of annexation, either real or
constructive; (2) the adaptation of the article to the use or purpose of the
realty; and (3) the intention of the party who annexed the chattel to the
realty.[2] 
Logan v. Mullis, 686 S.W.2d 605, 607 (Tex. 1985).  The third criterion
dealing with intention is preeminent, whereas the first and second criteria
constitute evidence of intention.  Id.  Intent is made apparent by
objective manifestations.  See Logan, 686 S.W.2d at 608.  If personalty
would be a fixture if attached to the land by the fee owner of the land, then a
condemning authority must pay for such property as real estate in a
condemnation action.  Brazos River Conserv. & Reclam. Dist. v. Adkisson,
173 S.W.2d 294, 299 (Tex. Civ. App.CEastland 1943,
writ ref=d).  

At trial, Michelle Costa, President of Clear Channel,
testified as follows:

!       The Sign Structure has been in place and
continually operated by Clear Channel or its predecessors since 1966.

!       The Sign Structure has poles and holds up a
big sign.  Underneath the poles are footings.  A galvanized face structure is
affixed to either side.  The Sign Structure has metal catwalks and lighting
fixtures.

!       The construction of the Sign Structure
required various permits and inspections from the City of Houston.  The City of
Houston also requires a permit for the operation of the Sign Structure.

!       The construction of a structure like the Sign
Structure is a Apretty substantial operation,@ involving the use of heavy
equipment, including an auger and a crane to set the footings in the poles and
to add the catwalk.  

!       Removing the Sign Structure would not be like
moving a trash can off of the Land.  It would be a construction project
requiring heavy equipment, cranes, and certified crane operators.  

!       The removal of a structure like the Sign
Structure typically Atakes a pretty significant toll on
the land, depending on the structure itself, and where it=s situated, how wet the property
happens to be, what kind of footings are underground.@








!       The Sign Structure is intended to be on the
Land permanently and is built with a wind load that is engineered so that Abasically the sign will last
forever.@

!       All of Clear Channel=s leases have provisions, such as
Paragraph 5 of the AReal Estate Lease@ in effect at the time of the
taking (allowing Clear Channel the right to remove all signs, structures, and
improvements at any time).  The purpose of these provisions is to prevent the
signs from falling into the hands of Clear Channel=s competitors.  

!       If Clear Channel had owned the entire fee
simple interest in the Land, the District would have to compensate Clear
Channel for the loss of the Sign Structure.  Clear Channel has owned some land
on which there were signs.  When this land was condemned, Clear Channel was
paid compensation for the loss of the signs.  The Aonly distinction here today is what
they are talking about is the fact that [Clear Channel is] a lessee versus a
fee owner.@

!       In general, Costa is aware of situations in
which a landowner has not renewed a lease involving one of Clear Channel=s sign structures.  In such
situations, Clear Channel generally removes its sign structure, and if it has
the opportunity to relocate the sign structure, Clear Channel relocates it. 
The City of Houston Sign Code prohibits the Sign Structure in this case from
being relocated in the City of Houston.[3]








The District=s expert witness,
Alan Dominy, testified that what he has seen points to the Sign Structure being
personal property because billboards are moved routinely.  Dominy stated that
other than Apeople=s opinions,@ there is nothing
that he knows of in appraising techniques and methodology that defines a
billboard as either personal property or real property.  Evidence at trial
indicated that in 2005, Clear Channel rendered its sign structures to the
Harris County Appraisal District on a form stating that the property is Abusiness personal
property.@[4] Charles Stone, an
employee of the Harris County Appraisal District, testified that he had no
knowledge that Clear Channel has ever argued its sign structures should be
taxed as real property.  Stone also stated that Clear Channel could have
rendered its property on a form describing it as real property and that the
amount of tax paid by Clear Channel would not change, regardless of whether the
sign structures are characterized as real property or personal property.  The
trial court also admitted into evidence various photographs of the Sign
Structure.  

The AReal Estate Lease@ between the owner
of the fee interest in the Land and Clear Channel in effect at the time of the
taking contains the following material provisions:

5.       This agreement is a Lease (not a License),
and all signs, structures and improvements placed on the premises by or for the
Lessee shall remain the property of the Lessee, and that, not withstanding
[sic] the fact that the same constitute real estate fixtures, Lessee shall have
the right to remove the same at any time during the term of the Lease, or after
the expiration of the Lease.  

. .  .

7.       In the
event of condemnation of the subject premises or any part thereof by proper
authorities, or relocation of the highway, the Lessor grants to the Lessee the
right to relocate its display(s) on Lessor=s remaining
property adjoining the condemned property or the relocated highway.  Any
condemnation award for Lessee=s property shall accrue to Lessee. 








Under the applicable standard of review, the evidence at trial would enable
reasonable and fair-minded people to find that the Sign Structure was a fixture at
the time of the taking.[5]
See Adkission, 173 S.W.2d at 297B301 (holding by
Texas Supreme Court that trial court in condemnation action did not err in
determining that oil well casing was a fixture at the time of the taking, even
though as between lessor and lessee, lessee had the contractual right to remove
the casing at the termination of the lease); Stevenson v. Clausel, 437
S.W.2d 404, 407 (Tex. App.CHouston [14th Dist.] 1969, no writ)
(holding that trial evidence was legally sufficient to support trial court=s fact finding
that billboard had become a fixture, in case in which evidence showed that
structure was supported by nine metal columns set in concrete to a depth of
approximately eight feet and that structure extended to a Avery considerable@ height and a
length of 90 feet).  We conclude that the trial evidence is legally sufficient
to support the trial court=s determination that the Sign Structure
was a fixture at the time of the taking.[6] 
We reject the District=s argument that, as a matter of law, at
the time of the taking, the Sign Structure was not a fixture.[7] 
Accordingly, we overrule the District=s first issue.[8]








B.      Did the District preserve
error as to its argument that the trial court abused its discretion by
admitting certain expert testimony?

Under its second issue, the District asserts that the trial
court abused its discretion by admitting certain testimony from Clear Channel=s expert because
his methodology and analysis allegedly were flawed for various reasons.  The District asserts that it
preserved error as to its second issue when the trial court denied its motion
to exclude the expert=s testimony.  Although our record contains this motion, our
record does not reflect that the trial court ruled on it.  The District did not
voice objections to the admission of the expert=s testimony at trial based on the
grounds stated in the second issue.  Therefore, the District failed to preserve
error.  See Tex. R. App. P.
33.1(a); Hirschfeld Steel Co., Inc. v. Kellogg Brown & Root, 201
S.W.3d 272, 286B87 (Tex. App.CHouston [14th Dist.] 2006, no pet.). Accordingly, we
overrule the District=s second issue.

Having overruled both of the District=s issues, we
affirm the trial court=s judgment.        

 

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

 

 

Judgment rendered
and Opinion filed April 3, 2008.

Panel consists of
Justices Anderson, Fowler, and Frost.









[1]  The trial court also rendered judgment awarding the
Other Owners a total of $5,033 as just compensation for the taking of their
real property interests.  None of the Other Owners have appealed the trial
court=s judgment.





[2]  The District relies on Texas & N. O. R. Co.
v. Schoenfeld,146 S.W.2d 724, 725B27
(Tex. 1941) (holding that court of appeals erred by reversing trial court=s finding that railroad tracks in question were not
fixtures).  Though the Schoenfeld court does state that, under Texas
law, railroad tracks are not regarded as fixtures, it does not state the
rationale for this rule, nor does it apply the three-factor test for
determining whether personal property has become a fixture.  See Logan v.
Mullis, 686 S.W.2d 605, 607 (Tex. 1985).  Therefore, the Schoenfeld
case is not on point.





[3]  Clear Channel=s
expert also testified that the Sign Structure could not be relocated within the
same Atrade area.@ 
However, he agreed that it could be relocated to other locations, such as Fort
Bend County, Texas.





[4]  The District also introduced a petition filed in a
separate, 2005 lawsuit in which Clear Channel challenged the method by which
the Harris County Appraisal District appraised Clear Channel=s sign structures for the 2005 tax year for personal
property purposes.  Given that Clear Channel rendered these structures as
personal property, the unsworn statements in this petition regarding valuation
for personal property purposes are not surprising.  The District does not
assert on appeal that this lawsuit judicially estops Clear Channel from
asserting in this case that the Sign Structure was a fixture at the time of the
taking. Neither Clear Channel=s rendition of
its sign structures as personal property for the 2005 tax year, nor its
statements in this petition mandate, as a matter of law, a finding that this
particular sign structure was personal property and not a fixture on February
27, 2003, the date of the taking in this condemnation proceeding.





[5]  The District relies on Trans-Nebraska Corp. v.
Cummings Inc., 595 S.W.2d 922 (Tex. Civ. App.CHouston [14th Dist.] 1980, no writ).  However, in that case, the trial
court impliedly found that the sign structure was not a fixture.  See id. at
923B24.  The Cummings court upheld this finding of
the trial court without providing any significant details as to the terms of
the lease or the physical characteristics of the sign structure.  See id. 
The Cummings court did not hold that all sign structures are personal
property as a matter of law, and its decision does not conflict with our
analysis today.  See id.  In addition, although the Maro Co. v. State
court did discuss the general fixture analysis, it did so in obiter dicta in a
real property taxation case.  See 168 S.W.2d 510 (Tex. Civ. App.CAmarillo 1943, writ ref=d).  Therefore, this case is not on point.





[6]  We also note that the Texas Supreme Court has
concluded that, if personalty would be a fixture if attached to the land by the
fee owner of the land, then a condemning authority must  pay for such property
as real estate in a condemnation action.  See Adkisson, 173 S.W.2d at
299.  Costa=s testimony supports the conclusion that, if Clear
Channel owned the Land, then the Sign Structure would be included in the
valuation of the real property being taken by the District.  Therefore, under
Adkisson, the trial court did not err by treating the Sign Structure as
part of the real property. See id.; see also State v. Reina, 218
S.W.3d 247, 249B50, 256B58
(Tex. App.CHouston [14th Dist.] 2007, no pet.) (affirming trial
court=s condemnation award to owners of land and billboards,
in case in which value was based in part on comparable sales of billboards).  





[7]  The District also cites the Uniform Relocation
Assistance and Real Property Acquisition Policies Act of 1970 (hereinafter AUniform Act@). 
See 42 U.S.C. '' 4601B55 (2003).  The
District asserts that, to the extent the Uniform Act controls, it limits Clear
Channel=s damages.  However, the District=s theory as to this alleged limitation is based on a
regulation regarding advertising signs that are personal property.  See
49 C.F.R. ' 24.301(f) (2006).  Because there is legally
sufficient evidence to support the trial court=s determination that the Sign Structure is a fixture, this regulation
would not apply, even if it were otherwise applicable, which Clear Channel
disputes.  In addition, the District has not cited and this court has not found
any authority for the proposition that this federal regulation preempts or
alters state law regarding condemnation of real property.





[8]  The District also asserts in the alternative under
its first issue that the Sign Structure was a trade fixture that is not
compensable in a condemnation proceeding.  Much of its argument is similar to
its argument that the Sign Structure was not a real estate fixture as a matter
of law. However, it appears that the District is also arguing that the Sign
Structure is a trade fixture and therefore cannot be a real property fixture as
a matter of law.  Nonetheless, the cases upon which the District relies do not
support this proposition.  In addition, these cases involve disputes between
the lessor and the lessee rather than condemnation actions.  In a condemnation
case, the Texas Supreme Court held that the trial court did not err in
determining that oil well casing was a fixture at the time of the taking, even though
as between lessor and lessee, lessee had the contractual right to remove the
casing at the termination of the lease. See Adkisson, 173 S.W.2d at 297B301.  Therefore, even if the District=s trade-fixture theory were otherwise viable, it would
conflict with this Texas Supreme Court precedent.  We reject the District=s trade-fixture argument.