Opinion of April 22, 2008, Withdrawn, Affirmed and Substitute Memorandum
Opinion filed April 29, 2008








 

Opinion
of April 22, 2008, Withdrawn, Affirmed and Substitute Memorandum Opinion filed April 29, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00226-CV

____________

 

HARRIS COUNTY, TEXAS, Appellant

 

V.

 

CLEAR CHANNEL OUTDOOR, INC., Appellee

 



 

On Appeal from the County
Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 824011

 



 

S U B S T I T U T E   M E M O R A N D U M   O P I N I O N

Appellant, Harris County, Texas, appeals a final judgment
rendered in favor of appellee, Clear Channel Outdoor, Inc.  We affirm the trial
court=s judgment.

Factual and Procedural Background








This is a condemnation case initiated by appellant to take
property for a road project at FM 1960 at Kuykendahl Road.  The road project
was a joint project between the Texas Department of Transportation (TxDOT) and
appellant.  The federal government partially funded the project.  Under the
agreement between appellant and TxDOT, appellant was responsible for the
acquisition of the right of way for the project.  Because the federal
government was providing funding for the project, appellant was required to comply
not only with TxDOT policies, but also with all federal laws in handling those
acquisitions.

Located within a portion of the property sought by
appellant was a billboard owned by appellee.  While the sign was considerably
older, appellee had executed a twenty-year lease with the property owners in
2003.  Prior to December 2004, both TxDOT policy and federal law considered
billboards removed for transportation projects to be real property and required
that the billboard owner be compensated for the loss of the sign or the cost of
relocating the sign.  However, in late 2004, for reasons not disclosed in the
record, TxDOT initiated changes in the regulations addressing how billboards
affected by transportation projects should be handled.  These changes, which
took effect in December 2004, dictated that billboards affected by
transportation projects would no longer be treated as real property and the
sign owners would no longer be offered compensation for the loss of the sign.

The road project, as well as appellee=s billboard, were
located within the City of Houston.  City of Houston ordinances generally
prohibit the construction of new off-premise billboards such as the one owned
by appellee.  However, the City of Houston created an exception for billboards
affected by transportation projects.  Under this exception, the City of Houston
allows a billboard affected by a transportation project to be relocated to a
new location within the City of Houston for a maximum period of ten years.  In
addition to the time limit, the new location must comply with other
restrictions such as the billboard cannot be within 1,500 feet of another
billboard or within a designated scenic or historic district.








Although appellant notified appellee it had to remove the
sign for the road project, appellant took the position, in line with TxDOT=s billboard
policy, it did not have to pay appellee compensation for the sign structure,
only for the loss of the leasehold itself.  The Special Commissioners awarded
appellee a total sum of $60,000.00 for appellee=s property
interests affected by the project.  Appellee filed objections to the Special
Commissioners= award and filed an inverse condemnation counterclaim
to seek compensation for the loss of the billboard as well as the leasehold
estate.

Appellee eventually filed a motion for partial summary
judgment in which it argued appellant=s action in
forcing appellee to remove its billboard was a taking under both the federal
and Texas constitutions for which the payment of just and adequate compensation
is required.  In response, appellant argued appellee=s billboard was
personal property and, under Texas law, personal property was not compensable. 
The trial court agreed with appellee and granted appellee=s motion for
partial summary judgment.

Having determined appellant=s action was a
taking and appellee was therefore entitled to compensation for the loss of the
billboard, the issue on the amount of compensation owed to appellee was tried
to the court.  The stipulations included the prerequisites of the right to
take, the procedural posture of the case, the parties= opinions of
value, and the authenticity of their respective appraisal reports.  Because
appellant instructed its appraiser to exclude the value of the billboard
structure from his valuation, the only evidence of value for the billboard
structure was the valuation prepared by appellee=s appraiser. 
Appellee=s appraiser
determined the value of the billboard structure was $305,500.00 and placed the
bonus value of the lease at $20,000.00.  Appellant=s appraiser
determined the bonus value of the lease was $17,662.00.  The trial court
entered a final judgment that awarded appellee=s property
interests, including the billboard, to appellant and $324,331.00 compensation
to appellee.  Appellee=s compensation included $305,500.00 for
the billboard and $18,831.00 for the lease bonus value.  No findings of fact
and conclusions of law were requested or entered.  This appeal followed the
denial of appellant=s Motion to Modify the Judgment and
Alternatively, Motion for New Trial.

 








Discussion

I.        The
Standard Of Review

On appeal, appellant does not challenge the amount of
compensation the trial court awarded appellee for either the loss of the lease
or the actual billboard.  Instead, appellant, arguing the billboard was
non-compensable personal property, contends the trial court erred when it
initially determined the forced removal of appellee=s billboard was a
taking which entitled appellee to just and fair compensation.  This issue was
resolved when the trial court granted appellee=s motion for
partial summary judgment.  A partial summary judgment becomes appealable after
a final judgment is rendered disposing of all issues in a case.  Newco
Drilling Co. v. Weyand, 960 S.W.2d 654, 656 (Tex. 1998).  The movant for
summary judgment has the burden to show there is no genuine issue of material
fact and it is entitled to judgment as a matter of law.  Nixon v. Mr. Prop.
Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985).  In determining whether there
is a genuine fact issue precluding summary judgment, evidence favorable to the
non-movant is taken as true and the reviewing court makes all reasonable
inferences and resolves all doubts in the non-movant=s favor.  Id.
at 548B49.  We review a
trial court=s summary judgment de novo.  Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  When a trial
court=s order granting
summary judgment does not specify the ground or grounds relied on for the
ruling, the summary judgment will be affirmed on appeal if any theory advanced
is meritorious.  Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989).

II.       Waiver








In a single issue on appeal, appellant contends the Atrial court erred
when it awarded [appellee] non-compensable property damages in addition to the
properly awarded damages for the leasehold interest in the real property
acquired in this condemnation case.@  However, within
that single issue, appellant makes five independent arguments as to why the
trial court erred: (1) state and federal law do not entitle appellee to
compensation beyond its leasehold interest and relocation costs; (2) appellee=s billboard was
not affixed to the real property such that it became a part of the real
property and thus was not compensable beyond the value of the leasehold; (3)
the billboard was appellee=s personal property as determined by
appellee=s intent and
appellant is not required to pay compensation for personal property ; (4)
appellee=s billboard was a
trade fixture and, therefore, was not compensable; and (5) there was no inverse
condemnation as appellant sought only to condemn appellee=s leasehold
interest and not appellee=s billboard.  In response, appellee
asserts appellant, with the exception of the third argument above, has waived
the remaining arguments as appellant did not include these contentions in its
summary judgment response.  We agree.








In the context of a summary judgment, a non-movant is
required to expressly present to the trial court, by written answer or
response, any issues defeating the movant=s entitlement to
summary judgment.  Tello v. Bank One, 218 S.W.3d 109, 118 (Tex. App.CHouston [14th
Dist.] 2007, no pet.) (citing Tex. R. Civ. P.
166a(c)).  To Aexpressly@ present issues as
required by Rule 166a(c), the written answer or response to the motion for
summary judgment must fairly apprise the movant and the trial court of the
issues the non-movant contends should defeat the motion for summary judgment.  Id.
at 119.  In determining what issues were expressly presented to the trial
court, a reviewing court may not rely on the appellate briefs or the summary
judgment evidence.  Dubose v. Worker=s Med., P.A., 117 S.W.3d 916,
920 (Tex. App.CHouston [14th Dist.] 2003, no pet.).  Any issues not
expressly presented to the trial court in a written response shall not be
considered as grounds for reversal.  Id.  Thus, the failure to present
issues to defeat summary judgment in the trial court waives those issues on
appeal.  Here, appellant presented a single argument in its summary judgment
response: (1) compensation is not required for personal property, and (2)
application of the Logan test indicates appellee intended the billboard
to remain personal property.[1] 
Appellant did not raise any of the remaining arguments in its response to
appellee=s motion for
partial summary judgment.  Therefore, appellant has waived those arguments on
appeal.

III.      The
United States Constitution Requires Appellant To Compensate Appellee For The
Taking Of Appellee=s Billboard For Public Use

In its motion for partial summary judgment, appellee argued
it was entitled to compensation for the loss of the billboard under both the
Fifth Amendment to the United States Constitution and Article I, section 17 of
the Texas Constitution.  We agree with appellee that the Fifth Amendment to the
United States Constitution requires appellant to compensate appellee for the
loss of the billboard.[2] 
Because we hold the Fifth Amendment mandates appellee receive compensation for
the loss of the billboard, we need not address appellee=s contention the
Texas Constitution also requires compensation.  Tex. R. App. P. 47.1; Carr, 776 S.W.2d at 569.








Eminent domain has been described as one of the inalienable
rights of sovereignty.  State v. Ware, 86 S.W.3d 817, 821B22 (Tex. App.CAustin 2002, no
pet.).  It is the power to take private property for public use.  Id. at
822.  However, the government cannot take private property without payment of
the market value for that property.  Id.  The Fifth Amendment provides
private property may not be taken for public use without just compensation.  Id.
(citing U.S. Const. amend. V). 
Under the Fifth Amendment, the term Ataken@ is construed
broadly to mean the deprivation of the former owner rather than the accretion
of a right or interest to the sovereign.  United States v. Gen. Motors Corp.,
323 U.S. 373, 378, 65 S. Ct. 357, 359, 89 L. Ed. 311 (1945).  Under the Fifth
Amendment Ajust compensation@ means the full
monetary equivalent of the property taken.  Almota Farmers Elevator and
Warehouse Co. v. United States, 409 U.S. 470, 473, 93 S. Ct. 791, 794, 35
L. Ed. 1 (1973).  The owner is to be put in the same position as he would have
occupied if his property had not been taken.  Id. at 473B74, 93 S. Ct. at
794. Under this concept, the owner is entitled to the fair market value of the
property at the time of the taking.  Id. at 474, 93 S. Ct. at 794.  This
fair market value is normally to be ascertained from what a willing buyer would
pay in cash to a willing seller.  Id. 








Appellant argues it is not required to compensate appellee
for the loss of the billboard because, in appellant=s view, the
billboard was not sufficiently attached to the real property and therefore
remained personal property, which is not compensable in an eminent domain
proceeding.  We disagree.  In Almota, the Supreme Court stated the
government cannot refuse to provide fair compensation for business improvements
that are taken and dismiss the improvements as worth no more than scrap value
simply because it did not intend to use them.  Almota, 409 U.S. at 475
n.2, 93 S. Ct. at 795 n.2.  The Supreme Court also determined a condemning
authority cannot take advantage of an agreement between a lessor and lessee
designating an improvement made by the lessee as personal property.[3] 
Id. at 477 n.5, 93 S. Ct. at 796 n.5.  The Supreme Court then went on to
state Athis rule . . .
exists entirely for the protection of the tenant, and cannot be invoked by the
condemnor.  If the buildings or fixtures are attached to the real estate, they
must be treated as real estate in determining the total award.@  Id.

Here, it is undisputed appellee held a twenty-year lease on
part of the real property condemned by appellant for a publicly financed road
project.  It is also undisputed appellee owned a billboard on the leased
property.  Further, it is also undisputed that the base of the billboard was
buried in asphalt twenty feet deep in the ground.  It is also undisputed
appellant ordered appellee to remove the billboard from its location to make
way for the road project.  Finally, it is undisputed appellee had to
essentially destroy the billboard in order to remove it from the property
acquired by appellant for the road project.  Accordingly, we hold appellant, by
forcing appellee to remove its billboard as part of the road project, took
appellee=s private property
thus entitling appellee to just compensation for the loss of that private
property.  Accordingly, we overrule appellant=s single issue on
appeal and affirm the judgment of the trial court.

Conclusion

Having overruled appellant=s single issue on
appeal, we affirm the trial court=s final judgment.

 

/s/      John S. Anderson

Justice

 

Judgment rendered and Substitute
Memorandum Opinion filed April 29, 2008.

Panel
consists of Justices Anderson, Boyce and Senior Chief Justice Murphy.*









[1]  The Logan test is used to determine whether
personalty has become a fixture.  Logan v. Mullis, 686 S.W.2d 605, 607
(Tex. 1985).  It examines three factors: (1) the mode and sufficiency of
annexation, either real or constructive; (2) the adaptation of the article to
the use or purpose of the realty; and (3) the intention of the party that
annexed the chattel to the realty.  Id.  We address the applicability of
this test to a condemnation proceeding below.





[2]  This provision of the Fifth Amendment is made
applicable to the states by the Fourteenth Amendment which provides that no state
may deprive any person of property without due process of law.  State v.
Ware, 86 S.W.3d 817, 822 (Tex. App.CAustin
2002, no pet.) (citing U.S. Const.
amend. XIV).





[3]  Appellant=s
citation of the Logan Test in support of its contention appellee=s billboard is non-compensable personal property is
inapposite.  While routinely used to determine ownership of a fixture or
liability for an injury, the test does not apply to condemnation proceedings. 
This limitation on the test is further confirmed by the cases cited by
appellant as none involve a condemnation proceeding.  See Logan, 686
S.W.2d at 607 (dispute between neighboring landowners over use of a bridge);  Tex.
& N.O. R.R. Co. v. Schoenfeld, 136 Tex. 173, 146 S.W.2d 724, 725 (1941)
(dispute over ownership of railroad track materials); Trenolone v. Cook
Exploration Co., 166 S.W.3d 495, 497 (Tex. App.CTexarkana  2005, rule 53.7(f) granted) (dispute over
right to use subsurface gas pipeline);   Lingleville I.S.D. v. Valero
Transmission Co., 763 S.W.2d 616, 617 (Tex. App.CEastland 1989, writ denied) (tax dispute involving the
classification of a pipeline as either real or personal property); Trans-Nebraska
Corp. v. Cummings, Inc., 595 S.W.2d 922, 922B23 (Tex. App.CHouston [14th Dist.] 1980, no writ) (conversion case
involving an advertising sign);  Vermillion v. Fidel, 256 S.W.2d 969,
969 (Tex. App.CAmarillo 1952, no writ) (dispute over ownership of oil
field production equipment); Rogers v. Fort Worth Poultry & Egg Co.,
185 S.W.2d 165, 167 (Tex. App.CFort Worth
1944, no writ) (venue case involving a bus crashing into a building); Maro
Co. v. State, 168 S.W.2d 510, 511 (Tex. App.CAmarillo 1943, writ ref=d) (tax dispute
over an oil and gas leasehold).





*  Senior Chief Justice Paul Murphy sitting by
assignment.