BUB DAVIS PACKING COMPANY, Inc., Appellant,

v.

ABC RENDERING COMPANY OF SAN ANTONIO, Inc., Appellee.

No. 11627.

Court of Civil Appeals of Texas.

Austin.

Feb. 12, 1969.

House, Mercer, House & Brock, C. G. House, San Antonio, for appellant.

Roger M. Dreyer, Gonzales, for appellee.

PHILLIPS, Chief Justice.

Appellee brought this suit against Appellant for damages arising from the conversion of certain equipment located in Appellant's meat packing plant in Luling, Texas.

Appellant had purchased the packing plant several years prior to this suit and at the time of this purchase, the equipment in question was in the plant. Appellant continued to use the equipment with the knowledge and consent of Appellee without any conflict between the parties until February, 1967. During the time Appellant was using this equipment, Appellee was receiving the inedibles from Appellant's plant and was paying the market value for them. At the time the dispute arose, Appellee was indebted to the Appellant for $823.20 for inedibles.

The case was tried before a jury and on the jury's verdict the court entered judgment for Appellee in the amount of $6,676.80 ($7,500 less $823.20). Appeal has been duly perfected to this Court.

We affirm.

Appellant is before us with seven points of error. The first two, briefed together, are the error of the court in overruling and not sustaining the Appellant's objections to the questions asked the witness, Morris Tate, concerning market value; the error of the court in overruling and not sustaining the Appellant's objections to the question asked of the witness, Bob Barbin, concerning market value.

Appellant contends that the two witnesses mentioned above were not qualified to testify as to the market value of the equipment in dispute. In attempting to establish the market value of the equipment in question witness Tate testified that he was "familiar" with the fair market value of conveyors and equipment of this type in the area where it is located. Then he was asked what in his opinion was the fair market value. Mr. Barbin was asked whether or not he had an opinion as to the fair market value of the equipment. These questions were objected to by Appellant contending that no proper predicate was ever laid and that the witnesses were not qualified to testify as to market value. That whether or not they had an opinion or whether or not they were familiar with the market value would not qualify the witnesses to testify as to market value.

We overrule these points.

In McCormick and Ray's Texas Law of Evidence, Second Edition, Volume 2, at pages 258 and 260 in the section concerning value and damage we find the following:

"Three main requirements must be noticed: First, the witness must have a knowledge of the market value if there is one. Second, his knowledge must be of values in the vicinity. Third, it must in some degree be based upon personal

observation and not solely from hearsay. Further specific limitations appear unwise and our courts do not lay down any. Probably the most satisfactory rule is that anyone familiar with the values in question may testify, leaving the sufficiency of the knowledge to the discretion of the trial judge in each case. (2) The witness must also have a knowledge of the particular thing to be valued, where its value depends upon something peculiar to itself such as physical condition, individual qualities or particular uses."

Witness Tate was in the business of selling materials, handling equipment and power transmission equipment. He had been in the business for six and a half years, had seen the Appellant's equipment and was familiar with it. Witness Barbin testified that he had built the equipment and stated, "I know every integral part of the equipment." These witnesses were then asked their opinions as to the fair market value to which questions they answered with amounts in dollars.

 We hold that this was competent testimony and was properly admitted. Both witnesses were in the business of selling or constructing similar equipment in the vicinity and were competent to give their opinions as to its value. This evidence is admissible even though the opinions may be based on what is usually regarded as hearsay if the statements relied upon are of such a character as to afford a fair basis for knowledge of values such as accounts of actual sales etc. Cole v. City of Dallas, 229 S.W.2d 192 (Tex.Civ.App. Dallas 1950, writ ref'd n. r. e.).

Appellant's point of error number three is that of the court in overruling Appellant's motion for an instructed verdict in regard to whether or not there was a conversion of the property.

A dispute arose between the parties hereto when Appellant refused to sell the inedible products to the Appellee because it was getting a better price from another purchaser. Appellee made demand on the Appellant for the equipment and Appellant refused to turn the equipment over to the Appellee.

Appellant contends that there can be no conversion here as Appellee placed the equipment on the property in question, that Appellant had used the equipment with the knowledge and consent of the Appellee and had done this over a period of time. Further that Appellee was indebted to the Appellant and that Appellee refused to pay the Appellant and that this indebtedness was never paid prior to the date of trial. That since Appellant was in lawful possession of the property in dispute and since Appellee was indebted to Appellant, there could be no conversion until the correct amount ($823.20) was tendered to Appellant by Appellee. Here Appellant cites May v. Anthony, 151 S.W. 602 (Tex.Civ. App. Dallas 1912, no writ).

We overrule this point.

There is a dispute in the testimony as to whether Appellant refused to turn the equipment over to Appellee until the debt to Appellant had been paid. Appellee testified that he had given Appellant a check in payment of the amount Appellant claimed and that at the time the dispute arose over the possession of the equipment Appellee testified, "At that time I didn't owe him anything." Appellee's witness' testimony then continues as follows:

"A When I returned on the 5th, Mr. Davis refused to sign the lease. He said he changed his mind on it and he was going to lease it for $50.00 a year. I said then I would have to have the equipment. He said, 'Well, I can't run without the equipment and if you want the equipment you will have to sue me for it.'

Q Did you answer him?

A I said, 'Well, I am sorry you want it that way. But if that is your decision, the way you want it, that is what we will have to do.' With that I left.

Q Was anything said by Mr. Davis in connection with you owing him any money that day?

A We didn't owe him any money at that time.

Q Was anything said by Mr. Davis to the effect that you owed him any money?

A No, there wasn't."

The evidence is undisputed that Appellee demanded the equipment from Appellant. It is also undisputed that Appellant legally obtained possession of the equipment. In answer to Special Issue No. 3 the jury found that the Appellant was using Appellee's equipment in exchange for Appellee's right to purchase inedible products from Appellant's plant.

Appellant's refusal to deliver the equipment to Appellee was an outright refusal and not a conditional refusal. The evidence disclosed that Appellee was not indebted to Appellant at this time. It is for this reason that *May,* cited above, is not in point.

Conversion may consist in the wrongful detention of chattels under an assertion of right inconsistent with the owner's general dominion, particularly if the detention occurs after demand for possession. See 14 Tex.Jur.2d, Conversion, pages 25 and 26 and the cases there cited.

Appellant's fourth point of error is the error of the court in overruling Appellant's motion for an instructed verdict in regard to the conversion of personal property attached to realty.

Here Appellant contends that the evidence disclosed that the equipment in dispute was attached to the real estate and that it could not be removed without use of an acetylene torch and that since this equipment was attached to the building of the packing plant, it was a part of the real estate and not susceptible to conversion.

We overrule this point.

The evidence in the instant case was conflicting as to the extent of attachment of the equipment in question of Appellant's building. Appellant's witness testified that an I beam of the equipment was attached to a post and that removal of the post would cause the roof to come down. The witness Bob Barbin testified that he was the one who had installed the equipment and that he made sure nothing was attached to any portion of the ceiling or wall or any part of the building other than direct supports on the floor. The same witness testified that there was no reason to have to cut anything and it was a very simple thing to remove the equipment in question from Appellant's building.

The jury found that the equipment could have been removed with no material injury to the premises. Thus it was removable and was subject to reclaim. Texas Power and Light Co. v. Malone, 42 S.W. 2d 845 (Tex.Civ.App. Amarillo 1931, writ dism'd).

Appellant's fifth point is the error of the court in submitting special issue No. 2 over the objections and exceptions of the defendant.

We overrule this point.

Special issue No. 2 was a finding as to the fair market value of the equipment in question.

There were three qualified witnesses as to value and ample evidence to sustain the jury's finding.

Appellant's sixth point of error is the error of the court in not setting aside the verdict of the jury because the Appellee failed to prove there was a conversion.

We overrule this point as we also overrule Appellant's point number seven or the error of the court in not sustaining Ap-

pellant's motion for judgment non obstante veredicto.

The judgment of the trial court is affirmed.

Affirmed.