**Wilford J. BOHN, Appellant,**

**v.**

**Carolyn Mims BOHN, Appellee.**

**No. 836.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 18, 1973.

Rehearing Denied Sept. 5, 1973.

William Emerson Wright, Houston, for appellant.

Homer Mabry, Andrews, Kurth, Campbell & Jones, Houston, Frank P. Granberry, Granberry & Hines, Crockett, Blake Tartt, Fulbright, Crooker & Jaworski, Houston, James A. Stockard, Dallas, Ronald J. Stark, Hirsch, Westheimer & Block, Houston, for appellee.

TUNKS, Chief Justice.

The litigation of which this appeal is a part began in 1966 when the appellant Wilford J. Bohn filed suit for divorce against his wife, the appellee Carolyn Mims Bohn. A non-jury trial in 1967 resulted in a judgment awarding Mrs. Bohn a divorce on her cross-action, providing for custody and support of the children of the marriage and dividing certain property. There was an appeal from that judgment. The appellate court severed and affirmed that portion of the case relating to the termination of the marriage and reversed and remanded the rest of it. It was held that the trial court had erroneously adjudged a tract of realty to be the separate property of the husband. It was also held that the husband had failed to discharge his burden of proving that some shares of stock in Southland Life Insurance Co., given to him by the wife during the marriage and adjudged to be his separate property by the trial court, were not given to him as a result of undue influence. See Bohn v. Bohn, 420 S.W.2d 165 (Tex.Civ.App.—Houston (1st Dist.) 1967, writ dism'd).

The remanded portion of the case was next tried before a jury in 1969. The jury found that the Southland stock was given to the husband without any undue influence. Judgment was rendered awarding the husband the Southland stock as his separate property. The case was again appealed and again reversed and remanded. The appellate court held that the trial court had erroneously defined "undue influence." See Bohn v. Bohn, 455 S.W.2d 401 (Tex.Civ.App.—Houston (1st Dist.) 1970, writ dism'd).

The third trial was in October of 1971. A jury again found that the Southland stock was given by the wife to the husband without undue influence. The husband filed a motion for judgment on the verdict. The wife moved to disregard the jury's finding as to the gift of the stock. In December of 1971 the judge announced his overruling of the wife's motion to disregard and instructed the husband's attorney to prepare a form for judgment on the verdict to be signed and entered. There followed an extended course of correspondence, by letter, by elephone and by direct conversation, between the attorneys for the parties and the trial judge. There were many disputes as to the details and the form of the written judgment to be signed. On October 12, 1972, the trial judge wrote a letter to the attorneys suggesting changes in a form for judgment that had been submitted by the attorney for the wife and said that upon the return to him of such form with the suggested changes "I will then sign it and it will become the Judgment of the Court." Finally, on December 20, 1972, the judge signed a judgment which included an adjudication that the Southland stock and the cash dividends thereon which had been withheld by the Company were the separate property of the husband. The judgment so signed was 19 pages long and on a form submitted by and approved by counsel for the wife with one change. As to temporary child support the judge struck out the typed words "accordance with the order of the Court theretofore in effect" and substituted the words "the sum of $100 per month per child until final judgment is entered herein."

Immediately after signing the judgment the judge told his court reporter, Mr. A. E. Erwin, to telephone the attorneys for the

parties and tell them that the judgment had been signed. Mr. Erwin called and talked in person to Mr. William E. Wright, the husband's attorney. He then telephoned the office of Andrews, Kurth, Campbell & Jones of which law firm Mr. Homer Mabry, the wife's attorney, is a member. He requested of the switchboard operator that he speak to Mr. Mabry. He was connected with another phone which was answered by another lady. When he asked for Mr. Mabry he was told that Mr. Mabry was out and the lady speaking asked if she could take a message. Mr. Erwin then asked her to tell Mr. Mabry that the judgment in the Bohn case had been signed. Mr. Erwin testified that he would recognize the voice of Mr. Mabry's secretary and that the lady with whom he left the message was not she. Mr. Erwin's testimony as to his telephone calls was corroborated by the deputy clerk who was in the courtroom as Mr. Erwin made the calls from the bailiff's desk. The clerk of the court did not mail a notice of the signing of the judgment as directed by Tex.R.Civ. P. 306d.

Mr. Mabry did not get the message left for him by Mr. Erwin. Neither he nor another attorney representing Mrs. Bohn learned of the signing of the judgment until February of 1973. Since more than thirty days had passed after the signing of the judgment without any motion for new trial having been filed, the judgment had become final and subject to being set aside only by bill of review. Tex.R.Civ.P. 329b.

On February 22, 1973, Mrs. Bohn filed a bill of review seeking to set aside the judgment signed December 20, 1972. Ancillary to that bill of review Mrs. Bohn asked that Mr. Bohn be enjoined from transferring the Southland stock. (Southland Life Insurance Co., Southland Financial Corporation and Houston National Bank were made parties. The discussion of their roles in the case is not necessary for this opinion.) After hearing evidence which developed the facts set out above, the trial court granted Mrs. Bohn's petition for temporary injunction. This appeal by Mr. Bohn is from that judgment. We reverse and render judgment that the temporary injunction be dissolved.

■ To be entitled to the temporary injunction Mrs. Bohn had the burden of offering evidence tending to prove the cause of action asserted by her in the pleaded bill of review. Oil Field Haulers Ass'n v. Railroad Commission, 381 S.W.2d 183 (Tex.Sup.1964). The facts as to which she was required to offer evidence are set forth in the following language from Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996, 998 (1950):

> "Although the bill of review is an equitable proceeding, before a litigant can successfully invoke it to set aside a final judgment he must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own."

There is no evidence tending to prove the second of those required facts, "fraud, accident or wrongful act of the opposite party."

■ Relying on Hanks v. Rosser, 378 S.W.2d 31 (Tex.Sup.1964), the appellee contends that the failure of the court clerk to mail her attorney written notice of the signing of the judgment on December 20, 1972, as directed by Tex.R.Civ.P. 306d, relieved her of the burden of proving fraud, accident or wrongful act of the opposite party. In the Hanks case a court clerk, acting within the scope of the performance of his official duties, told a defendant in a pending case that no default judgment had been rendered when, in fact, such judgment had been rendered the preceding day. Such official misinformation was given at a time when the defendant could effectively have filed motion for new trial. The defendants, relying on the misinformation, filed an ineffective answer instead of a

motion for new trial. The court held, in effect, that the defendant, in seeking to set aside the default judgment by bill of review, was relieved of the burden of pleading and proving fraud, accident or wrongful act of the opposite party.

Tex.R.Civ.P. 306d provides:

"Rule 306d.  Notice of Final Judgment or Other Appealable Order

Immediately upon the signing of any final judgment or other appealable order, the clerk of the court shall mail a postcard notice thereof to each party to the suit as provided in Rule 21a.  Failure to comply with the provisions of this rule shall not affect the finality of the judgment or order."

It was established by uncontroverted evidence in this case that the clerk did not mail postcard notice to counsel for Mrs. Bohn of the signing of the judgment in the divorce case.  However, it was also shown by uncontroverted evidence that the court reported did give someone in Mr. Mabry's office notice by telephone of the signing of the judgment.  There is no evidence explaining or tending to explain why that notice did not reach Mr. Mabry.  Neither the switchboard operator in Mr. Mabry's office nor the lady to whom the message was given was called to testify.  There is no suggestion that any court official ever gave Mrs. Bohn or her counsel any *misinformation* relating to the divorce case or the signing of the judgment therein.

Tex.R.Civ.P. 239a provides that when a default judgment is signed the clerk shall immediately mail postcard notice to the party against whom the judgment was rendered.  In Kelly Moore Paint Co. v. Northeast National Bank, 426 S.W.2d 591 (Tex.Civ.App.—Fort Worth 1968, no writ) a garnishee against whom default judgment had been rendered sought to set aside the judgment by bill of review.  The clerk had not sent the postcard notice as directed by Rule 239a.  The Court first held that the default judgment should be set aside because the evidence showed that the garnishee had not been served with citation. The Court also said, at page 594:

"In the instant case the clerk in his official capacity did not give Bank wrong information.  His failure to give the required notice did not prevent Bank from filing a motion for new trial.  The clerk did, however, fail to perform an affirmative official duty required by law.  If the notice had been given as required by Rule 239a, Bank, in all reasonable probability, would have filed a motion for new trial.

Bank, not being otherwise negligent, or at the most guilty of excusable negligence, was entitled to urge such failure of notice as a ground for equitable bill of review even though it was not prevented from answering by fraud, accident or wrongful act of the opposite party."

There is no significant difference between the provisions of Rule 239a and those of 306d.  It would seem that if the failure to give the notice required by Rule 239a relieves the plaintiff in a bill of review from the burden of proving fraud, accident or wrongful act of the opposite party, then so should the failure to give the notice required by Rule 306d.  However, we respectfully decline to follow the relevant holding in the Kelly Moore case. The Texas Supreme Court has repeatedly and forcefully said the right to set aside a final nonappealable judgment by bill of review should be strictly limited.  In Texas Mach. & Equip. Co. v. Gordon Knox Oil & Exp. Co., 442 S.W.2d 315 (Tex.Sup.1969), the Court declined to make an exception, applicable to final judgment in garnishment cases, to the general rule as to the circumstances under which judgments may be set aside by bill of review.  The Court said, at page 318, "The imposition of these strict requirements is grounded on the necessity that finality be accorded to judg-

ments." In Hanks v. Rosser, supra, 378 S.W.2d at page 33, the Court said:

"A bill of review proceeding is an equitable one designed to prevent manifest injustice. But while manifest injustice to the defaulting party is a material consideration, another is the necessity for there being finality to judgments. The litigating parties are entitled to know when the contest is at an end; and others, including title examiners and purchasers and sellers of land and interests in land have a need for knowledge as to whether or not litigation involving title to land has been finally concluded."

In Alexander v. Hagedorn, supra, 226 S.W.2d at page 998, the Court said:

"Because it is fundamentally important in the administration of justice that some finality be accorded to judgments, these essentials have been uniformly recognized by our courts; therefore, bills of review seeking relief from judgment 'are always watched by courts of equity with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted'; and the rules are not to be relaxed merely because it may appear in some particular case that an injustice has been done. Harding v. W. L. Pearson & Co. et al., Tex.Com.App., 48 S.W.2d 964. As said by the Supreme Court of California, 'Endless litigation, in which nothing was ever finally determined, would be worse than occasional miscarriages of justice.' Pico v. Cohn et al., 91 Cal. 129, 25 P. 970, 971, 27 P. 537, 13 L.R.A. 336, 25 Am.St.Rep. 159."

John H. McElhaney, Texas Civil Procedure, 23 S.W.L.J. 177 (1969), at page 178, refers to the Kelly Moore case as having "engrafted an additional exception upon the Alexander v. Hagedorn requirements."

In Swearingen v. Swearingen, 487 S.W.2d 784 (Tex.Civ.App.—San Antonio 1972, writ dism'd) the Court indicated some question as to the validity of the holding in the Kelly Moore opinion as to the effect of the failure of the clerk to comply with Rule 239a. The San Antonio Court pointed out that the Kelly Moore judgment setting aside a default judgment was primarily based upon the want of valid service of citation.

Allright, Inc. v. Roper, 478 S.W.2d 245 (Tex.Civ.App.—Houston (14th Dist.) 1972, writ dism'd) was an appeal to this Court by petition for writ of error from a default judgment. One point of error was based on the fact that the defendant had not received the notice required by Rule 239a. Although that point of error was not discussed in the opinion, the default judgment was affirmed.

The failure of the clerk to give the notice required by Rule 306d did not relieve Mrs. Bohn of her duty to prove fraud, accident or wrongful act of the opposite party as a condition to her setting aside the court's final judgment by bill of review. There is no evidence tending to show such fraud, accident or wrongful act. The trial court therefore erred in granting the temporary injunction.

Reversed and rendered.