**TRANS-NEBRASKA CORPORATION et al., Appellants,**

v.

**CUMMINGS INCORPORATED, Appellee.**

No. A2306.

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 19, 1980.

Paul J. McConnell, III, DeLange, Hudspeth & Katz, Houston, for appellants.

William A. Petersen, Jr., Lapin, Totz & Mayer, Houston, for appellee.

Before BROWN, C. J., and MILLER and PRESSLER, JJ.

PAUL PRESSLER, Justice.

This is an appeal from a judgment granting $10,000.00 damage for the conversion of appellee's sign by appellants.

On or about April 17, 1973, appellee entered into a Display Lease Agreement with Century II, a general partnership. Pursuant thereto, appellee agreed to construct, install, and maintain a double-faced, two-pole pylon advertising display sign for Century II and to lease it to them. Appellee executed two financing statements on the sign naming Cummings & Company as the secured party and Century II as the debtor. One financing statement was filed in the UCC Records of Harris County, Texas, and the other in the Secretary of State's office of the state of Texas, pursuant to Tex.Bus.

& Com.Code Ann. § 9.401(a) (Tex.UCC) (Vernon 1968) (the Code) which was then in effect. The signs described in the Display Lease Agreement were then erected. On May 6, 1975, Houston Citizens Bank and Trust Company foreclosed its lien on the real estate upon which the sign was located. At the foreclosure sale this bank acquired title to the real estate. In July 1975, appellant Trans-Nebraska Corporation, as general partner for the other appellant, Continental America, R. E. Ltd. (both defendants below), entered into an agreement to purchase the real estate from the bank. On October 3, 1975, the purchase was completed and a deed was recorded. The sign was in place at the time of this sale. In November of 1976, appellee brought suit for conversion of the sign. The case was heard without a jury. The trial court concluded that title had not passed to appellants upon their purchase of the realty and appellants had, therefore, converted appellee's sign to their own use. The court awarded ownership of the sign to appellants and damages to appellee. The court then entered findings of fact and conclusions of law at the request of appellants in which it found that appellants were purchasers of the real estate for value, that appellants did not receive actual notice of appellee's interest in the signs until July 1975, and that the advertising display was fixed to the real property in question but could be removed easily. Based on these findings, appellants contest the court's judgment, contending that 1) the advertising display was in fact a fixture, as that term was used in § 9.313 of the Code, 2) the financing statements, therefore, did not comply with § 9.402(a) of the Code and were invalid, 3) as the financing statements were invalid, appellee failed to perfect its security interest in the advertising display, and 4) as appellants were subsequent purchasers for value of the realty and the sign had become part of the realty, their lien had priority over appellee's according to § 9.313(d) of the Code, and title to the advertising display thus passed to appellants along with title to the real estate.

Appellants contend that "fixed" means "permanently affixed" and, therefore, pursuant to Finding of Fact No. 16, the sign had become a fixture. This interpretation would constitute a conclusion of law and such a conclusion was not made by the court. More than the mere annexing of personalty to realty is necessary to convert personalty to a fixture. "Fixed" in this context means merely that the sign was connected to the realty. The use of the word "fixed" does not, therefore, decide the question of whether the sign became a fixture. In their Motion for Additional Findings of Fact and Conclusions of Law, appellants requested the trial court to conclude that "[t]he sign in question was, at all relevant times, a fixture." The court failed to respond to this request, but appellants did not assign such failure as a point of error. Appellee contends that this failure to respond implies that the opposite proposition is true. *Sauer v. Johnson*, 520 S.W.2d 438 (Tex.Civ.App.—Austin 1975, writ ref'd n. r. e.). We do not believe that this is the only fair conclusion to be drawn from such failure to respond.

It is well established that where a finding of fact is made on one or more of the elements of an ultimate issue, the failure of the court to make findings on the remaining elements does not require reversal of the judgment if there is sufficient evidence to support the omitted findings. In the case before us, the court found that the sign could be easily removed. The removability of an item has been held to be one of the facts which must be weighed in determining whether an item is a fixture. *Bub Davis Packing Company, Inc. v. ABC Rendering Company of San Antonio, Inc.*, 437 S.W.2d 634 (Tex.Civ.App.—Austin 1969, no writ).

The intent of the annexing party is the preeminent factor in determining whether personalty has become a fixture. *Fenlon v. Jaffee*, 553 S.W.2d 422 (Tex.Civ. App.—Tyler 1977, writ ref'd n. r. e.). It is clear from the language of the Display Lease Agreement entered into by appellee and Century II that appellee intended the sign to remain personalty.

The court concluded that appellee had properly perfected its security interest in the sign as personalty. Therefore, appellants had constructive notice of appellee's interest and claim.

 Since the court had concluded that appellants converted the sign, its conclusion that appellee should recover $10,000.00 in damages was supported by the evidence.

 Appellant next attacks the judgment on the basis of a letter written by the trial judge to the attorneys which stated as follows:

After listening to the evidence, reviewing the authorities, the Court is of the opinion that the Plaintiffs should recover on a quantum meruit theory of $10,000.00 for its sign, but the sign remains fixed to the property and title to said sign will pass to the defendants upon the payment of the judgment to be rendered in favor of the Plaintiffs.

Counsel will prepare the appropriate order for entry by the Court.

As appellee did not plead *quantum meruit* as a theory of recovery and no evidence was adduced at trial in support of certain elements of that theory, appellant argues that the judgment was improper as it was allegedly founded upon *quantum meruit*. However, the judgment itself makes no reference to *quantum meruit*, and it is the final judgment which is binding, not the letter, *Dikeman v. Snell*, 490 S.W.2d 183 (Tex.1973). The trial judge's letter falls into the same category of writings as an entry on a docket sheet which "cannot be used to contradict or prevail over a final judicial order." *N–S–W Corporation v. Snell*, 561 S.W.2d 798, 799 (Tex.1977). As the court concluded that appellants had converted the sign and such conclusion is supported by the evidence, the judgment is properly construed as resting on the theory of conversion.

Affirmed.