**Wilford J. BOHN, Appellant,**

v.

**TRAVELERS INDEMNITY COMPANY**
**et al., Appellees.**

No. 8759.

Court of Civil Appeals of Texas,
Texarkana.

July 8, 1980.

Gerald R. Coplin, Coplin & Ruhe, Richardson, for appellant.

William Dickson, Dickson & Associates, Houston, for Travelers, Mims & Bohn.

David N. Kitner, Strasburger & Price, Dallas, H. Dudley Chambers, Jackson, Walker, Winstead, Cantwell & Miller, Dallas, for Southland.

CORNELIUS, Chief Justice.

Wilford Bohn appeals from a take nothing judgment rendered in his suit to recover damages arising from a civil conspiracy to deprive him of certain corporate stock and dividends. The defendants were Mr. Bohn's former wife, Carolyn, her parents, Mr. and Mrs. Mims, Southland Life Insurance Company, Southland Financial Corporation, and Travelers Indemnity Company.

Wilford and Carolyn Bohn were married in June of 1957. When Carolyn married, some of the property she owned was stock of considerable value in Southland Life Insurance Company. In November of 1957 Mr. Bohn suggested to his wife that it might be advantageous for estate tax purposes for her to transfer one–half of the

stock to him. She complied. When they were divorced some years later, one of the principal issues in the case was whether the transfer of the stock was a gift from Mrs. Bohn to her husband free of undue influence, fraud or duress. The divorce proceedings extended over a long period of time and included several trials and appeals. The first judgment, as to the severed issue of property division, was reversed and remanded for a new trial.[1] The second trial was held before a jury and resulted in an award of the disputed stock to Mr. Bohn. That judgment was also reversed.[2] The third trial was held in October of 1971, and it also resulted in an award of the stock to Mr. Bohn. The judgment in that case was not signed by the judge until December 20, 1972, and Mrs. Bohn's attorney was not given notice of its signing as is required by Tex.R.Civ.P. 306d. As a result, the judgment became final and the time for appeal passed without Mrs. Bohn or her attorney knowing of the judgment.

On February 6, 1972, Mr. Bohn and his attorney went to Southland's Dallas office with a letter advising of the rendition of the judgment and demanding immediate delivery of the stock. The letter and a copy of the final divorce judgment were shown to Mr. Stockard, one of Southland's representatives. Mr. Stockard declined to deliver the stock until a company lawyer could read and interpret the nineteen page judgment. He testified that Mr. Bohn told him that his former wife did not know about the judgment and that he should not tell her. Mr. Bohn denied making such a statement. After consulting with an attorney, Mr. Stockard told Bohn and his attorney that Southland would have to either file an interpleader suit or send a 30–day notice letter to Mrs. Bohn giving her an opportunity to contest the transfer of the stock. Mr. Bohn and his counsel told Stockard that, under the circumstances, they preferred the notice letter rather than an interpleader

suit. The letter was subsequently prepared and was read to Mr. Bohn's attorney before it was mailed. It advised Mrs. Bohn that Southland would deliver the stock and dividends to Mr. Bohn unless within 30 days she obtained an injunction prohibiting the delivery or furnished Southland with an indemnity bond. Mrs. Bohn testified that she knew nothing of the judgment until she received the notice letter. Some three days after the expiration of the 30–day period specified in the letter, Mrs. Bohn filed an action for a bill of review to set aside the last divorce judgment which was granted by the trial court. Mrs. Bohn had also filed an ancillary action to the bill of review seeking an injunction prohibiting Southland from delivering the stock and dividends. A temporary restraining order was issued on March 12, 1973, and a temporary injunction on March 23, 1973, but the Court of Civil Appeals reversed the bill of review on July 18, 1973, and the temporary injunction was dissolved.[3] On the same day that the temporary restraining order was issued, Mr. Bohn and his attorney again went to Southland's office in Dallas and demanded delivery of the stock and dividends. Southland's attorney again refused. The bill of review action was then still pending, and the stock had been transferred to Southland's Houston office for the purpose of tendering it into court in connection with the litigation. After the Court of Civil Appeals reversed the bill of review action and dissolved the injunction in July of 1973, application for writ of error was made to the Texas Supreme Court to review that decision, and the application was denied in late February of 1974. On March 3, 1974, Mr. Bohn renewed his demand for the stock, and on April 3rd Southland delivered the stock[4] and the accrued dividends to him.

Mr. Bohn sued Mrs. Bohn and Travelers Indemnity Company (her surety on the injunction bond) for damages resulting from

---

1. *Bohn v. Bohn*, 420 S.W.2d 165 (Tex.Civ.App. Houston–1st Dist.1967, writ dism'd).

2. *Bohn v. Bohn*, 455 S.W.2d 401 (Tex.Civ.App. Houston–1st Dist.1970, writ dism'd).

3. *Bohn v. Bohn*, 498 S.W.2d 267 (Tex.Civ.App. Houston–14th Dist.1973, writ dism'd).

4. Except for 200 shares involved in another dispute.

the wrongful issuance of the injunction, and sued Mrs. Bohn, her parents and the two Southland companies for civil conspiracy and wrongful detention of the stock and dividends. The jury answered "no" to issues inquiring (1) if the defendants wrongfully detained the stock and dividends, (2) if there was a conspiracy to injure Mr. Bohn, and (3) if Mr. Bohn suffered damages as a result of the issuance of the injunction or the delay in delivering the stock and dividends. Mr. Bohn attacks the judgment by nine points of error, all of which contend that there was no evidence or insufficient evidence to support the jury's "negative findings", and that such findings are against the great weight and preponderance of the evidence. Because all of the jury issues were those on which Mr. Bohn had the burden of persuasion, he can prevail in this appeal only if his allegations were established as a matter of law, or if the failure of the jury to find in his favor is so against the great weight and preponderance of the evidence as to be manifestly wrong.

A careful consideration of the evidence compels the conclusion that the allegations of wrongful detention and of civil conspiracy were not conclusively established. Neither is the jury's failure to find those facts against the great weight and preponderance of the evidence.

▉▉▉ An unauthorized delay in delivering property to its owner is a technical conversion, and may subject the converter to damages. *Bub Davis Pack. Co. v. ABC Render. Co. of San Antonio*, 437 S.W.2d 634 (Tex.Civ.App. Austin 1969, no writ); *Minter v. Sparks*, 246 S.W.2d 954 (Tex.Civ.App. Dallas 1951, writ ref'd n. r. e.); 14 Tex. Jur.2d Conversion § 23, pp. 25, 26. But a qualified refusal, or delay for the purpose of investigating conflicting claims to property, or to protect the holder from liability for wrongful delivery, is not a conversion if the delay is in good faith and based upon reasonable grounds. *Earthman's, Inc. v. Earthman*, 526 S.W.2d 192 (Tex.Civ.App. Houston–14th Dist.1975, no writ); *United North & South Development Co. v. Rayner*, 124 F.2d 512 (5th Cir. 1942), *cert. denied*, 316 U.S. 665, 62 S.Ct. 945, 86 L.Ed. 1741 (1942).

▉▉▉ In this case there is ample evidence that Southland had a reasonable basis for its delay. The property had been the subject of litigation in repeated suits extending over a number of years. The judgment of December 20, 1972, was a complicated nineteen page document, and there was testimony that Southland knew that Mrs. Bohn had not received notice that it had been entered. The jury could reasonably have believed that under those circumstances, Southland did not act arbitrarily or wrongfully in delaying the transfer of the stock and dividends until Mrs. Bohn had an opportunity to contest it, or until Southland was otherwise protected against possible liability. The evidence of conspiracy is likewise far from overwhelming. It failed to connect Mr. and Mrs. Mims to the Southland companies. There was no direct evidence that Mrs. Bohn and the Southland companies acted in concert. Proof of a civil conspiracy may be made by circumstantial evidence, but disconnected circumstances, any one of which or all of which are as consistent with a lawful purpose as they are with an unlawful undertaking, are insufficient to establish a conspiracy. *Schlumberger Well Sur. Corp. v. Northex Oil & Gas Corp.*, 435 S.W.2d 854 (Tex.1968); *Echols v. Austron, Inc.*, 529 S.W.2d 840 (Tex.Civ.App. Austin 1975, writ ref'd n. r. e.). Mr. Bohn points to the recitation of evidence by the Dallas Court of Civil Appeals in the case of *Mims v. Bohn*, 536 S.W.2d 568 (Tex.Civ. App. Dallas 1976, no writ), to indicate that there was evidence of a conspiracy, but the court in that case was referring to evidence adduced upon a venue hearing only, where the Southland companies were not parties, and the court was careful to note in its opinion that the recitations could not be considered as adjudicative of Southland's acts. 536 S.W.2d 574.

▉▉▉ We conclude that the jury was not compelled to find that Mr. Bohn was damaged, either by the delay in delivering the stock and dividends, or by the issuance of

the injunction which was later dissolved. We have already concluded that the jury's failure to find Southland at fault for its delay in releasing the stock and dividends was not against the great weight and preponderance of the evidence. Consequently, no damages were recoverable. Even if the detention had been wrongful, Mr. Bohn ultimately accepted delivery of the stock, and if it was worth as much or more when it was delivered as when the wrongful detention occurred, he would only be entitled to nominal damages and such other special damages as may have naturally flowed from the detention, if pleaded and proved. *Cisco & N. E. R. Co. v. Ricks*, 33 S.W.2d 878 (Tex.Civ.App. Eastland 1930, no writ); *Stalker v. Williams*, 3 S.W.2d 534 (Tex.Civ. App. Eastland 1928, no writ); *Baldwin v. G. M. Davidson & Co.*, 127 S.W. 562 (Tex.Civ. App. 1910, no writ); *Field v. Munster*, 32 S.W. 417 (Tex.Civ.App.1895), *writ ref'd sub nom., Munster v. Fields*, 33 S.W. 852 (Tex. 1896); 14 Tex.Jur.2d Conversion § 33, p. 37. The undisputed evidence in the record shows that the stock was worth more when it was delivered than when delivery was refused, and the pleadings did not seek recovery of any item of special damage or even nominal damages. Furthermore, Mr. Bohn did not request an issue on any damages he may have suffered as a result of the delay, and Southland objected to the failure to submit such an issue. In those circumstances, the right to damages was waived. Tex.R.Civ.P. 279.

Mr. Bohn would have been entitled to recover from Travelers interest on the dividends which accrued between the issuance of the injunction and its dissolution, but the dates and amounts of the cash dividends were not proven and were not established otherwise by the record. Thus, the record does not provide a basis for the calculation of the interest which might have been due.

For the reasons stated, the judgment of the trial court is affirmed.