Opinion issued September 11, 2008









Opinion issued September
11, 2008

 

                                                                        



                                                

 

 

 

 

In The

Court
of Appeals

For The

First
District of Texas

 




 
 
 
 
 
 
 


 



NO.   01-07-00353-CV

 




 
 
 
 
 
 
 


 



STATE OF TEXAS, Appellant

 

V.

 

CLEAR CHANNEL OUTDOOR, INC., Appellee

 

 

 



On Appeal from County Civil Court at Law No. 1

Harris County, Texas

Trial Court Cause No. 875472 CV

 

 



O P I N I O N

 

          The State of Texas appeals the denial
of its plea to the jurisdiction in Clear Channel Outdoor, Inc.’s claims for
inverse condemnation and condemnation damages, contending that the facts
alleged by Clear Channel fail to demonstrate that the State has waived
sovereign immunity for those claims and, therefore, the trial court lacks
subject matter jurisdiction over them.   We affirm.

Background

          In 2001, Clear Channel
obtained a leasehold interest in a parcel of land, identified as parcel 709,
located in Harris County within view of the Katy Freeway. Pursuant to the
lease, Clear Channel erected and maintained a billboard on the parcel.  In
connection with a planned freeway expansion, the State petitioned to condemn
parcel 709, and named the landowner and Clear Channel as defendants.  

In the hearing on the State’s
petition, a panel of special commissioners appointed by the county civil court
at law took evidence from the parties concerning the fair market value of the
property.  At that hearing, the State’s appraiser informed the panel that he
did not include the billboard structure in his opinion of value because the
Texas Department of Transportation (TxDOT) told him that its policies dictated
that billboard structures be treated as personal property.  In accordance with
the State’s position, the special commissioners did not account for the fair
market value of the billboard structure in their award.  Clear Channel returned
to the trial court to file its objections to the special commissioner’s award
and its counterclaim against the State for inverse condemnation.  Then, Clear
Channel moved for partial summary judgment on its counterclaim, contending that
both the United States and Texas constitutions require payment of just
compensation to Clear Channel for the billboard structure.

The State countered with a plea to
the jurisdiction and response to the motion for partial summary judgment
subject to its plea.  The trial court denied the State’s plea to the
jurisdiction, an interlocutory decision which the State appeals.  Tex. Civ. Prac. & Rem. Code §
51.014(a)(5) (Vernon 2008).

          After the State filed this
appeal, the trial court signed an agreed interlocutory judgment settling any
dispute among the parties concerning the status of taxes due on the property,
the amount of compensation the State owes to the landowner for the condemned
real property, and the amount of compensation the State owes to Clear Channel
for its leasehold interest in that property.  In addition, Clear Channel agreed
to waive its right to seek compensation for billboard relocation expenses.  The
judgment specifies that the parties continue to dispute the issues raised in
this appeal. 

Discussion

Standard of Review for Pleas to the
Jurisdiction

A plea to the jurisdiction is a
dilatory plea that seeks dismissal of a case for lack of subject matter
jurisdiction.  Harris County v. Sykes, 136 S.W.3d 635, 638 (Tex. 2004); Villarreal v. Harris County, 226 S.W.3d 537, 541 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  The question of whether a court has subject matter jurisdiction
is a matter of law; accordingly, we review de novo the trial court’s ruling on
a plea to the jurisdiction.  Hoff v. Nueces County, 153 S.W.3d 45, 48 (Tex. 2004); Tex. Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217,
226 (Tex. 2004).  Governmental immunity from suit precludes the exercise of subject
matter jurisdiction and thus is properly asserted in a plea to the
jurisdiction.  Miranda, 133 S.W.3d at 225–26; Villarreal, 226
S.W.3d at 541.   

The purpose of a plea to the
jurisdiction is to “defeat a cause of action without regard to whether the
claims asserted have merit.”  Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d
547, 554 (Tex. 2000).  It does not involve delving into the substance of the
plaintiff’s claims, but rather, examination of whether the merits of those
claims should be reached.  Id.  Accordingly, in reviewing the trial
court’s ruling on plea to the jurisdiction, we construe the pleadings liberally
in favor of the plaintiff and determine if the pleader has alleged facts that
affirmatively demonstrate the court’s jurisdiction to hear the cause.  Villarreal,
226 S.W.3d at 541.  If the pleadings lack sufficient facts to affirmatively demonstrate
the trial court’s jurisdiction, but do not reveal incurable defects in
jurisdiction, the issue is one of pleading sufficiency, and the trial court may
either afford the plaintiff an opportunity to amend or await further
development of the case on the merits.  Miranda, 133 S.W.3d at 226–27.  Conversely,
if the pleadings affirmatively negate the existence of jurisdiction, then the
trial court may grant a plea to the jurisdiction without providing the
plaintiff an opportunity to amend.  Id. at 227.

Inverse Condemnation 

          Eminent domain empowers the
State to take private property for public use without the consent of the
property owner.  Villarreal, 226 S.W.3d at 542, 544.  Both the United States and Texas constitutions, however, prohibit the State from taking private property for
public use without adequately compensating the property owner for its loss.  U.S.
Const. amends. 5, 14; Tex. Const.
art. 1, § 17 (providing that “[n]o person’s property shall be taken, damaged or
destroyed for or applied to public use without adequate compensation being
made, unless by the consent of such person . . .”); see Almota Farmers
Elevator & Warehouse Co. v. United States, 409 U.S. 470, 473, 93 S. Ct.
71, 794 (1973); Villarreal, 226 S.W.3d at 542; City of Houston v.
Boyle, 148 S.W.3d 171, 178 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

When the State takes private property
for public use without just compensation, the property owner may seek just
compensation through a cause of action for inverse condemnation. Villarreal,
226 S.W.3d at 542. “Inverse condemnation occurs when (1) a property owner seeks
(2) compensation for (3) property taken for public use (4) without process or a
proper condemnation proceeding.”  Id. (quoting Boyle, 148 S.W.3d
at 178) (internal quotation omitted).

At the heart of the State’s
jurisdictional challenge lies the premise that the Clear Channel billboard
structure is removable personal property, not a fixture.  It contends that
personalty is not compensable in a condemnation proceeding if it can be relocated,
even if the personalty is affixed to the property at the time of the taking. 
The State points to Clear Channel’s lease agreement, which provides that it
owns the billboard structure, and must remove it upon cancellation of the
lease.  Thus, the State further contends, no intentional taking has occurred.  

The State relies on Logan v.
Mullis, 686 S.W.2d 605 (Tex. 1985), to support its contention that the
billboard structure is removable personal property.  Logan sets forth a
three-factor test for determining whether personalty has become a fixture: (1)
the mode and sufficiency of annexation, either real or constructive; (2) the
adaptation of the article to the use or purpose of the realty; and (3) the
intention of the party that annexed the chattel to the realty.  See id.
at 607 (applying test to determine whether culvert was personalty or fixture,
and thus whether appellant was liable for damages resulting from his removal of
culvert when he abandoned easement).  The State’s reliance on Logan in
the condemnation context, however, is misplaced.  The Logan test, which
is routinely used to determine ownership of a fixture or liability for an
injury, conflicts with well-settled principles concerning whether a property
owner has the right to compensation in the condemnation context.  In contrast
to the Logan test’s focus on the property owner’s intent as the
pre-eminent factor, in the context of a condemnation claim, the owner’s
characterization of its property rights for other purposes is not determinative
of whether it constitutes a compensable property interest for which the State
must pay just compensation.  See Almota, 409 U.S. 470, 478 n.5, 93 S. Ct. at 797 n.5 (condemning authority cannot take advantage of agreement between lessor
and lessee designating improvement by lessee as personal property); accord
Brazos River Conservation & Reclamation Dist. v. Adkisson, 173 S.W.2d
294, 300 (Tex. Civ. App.—Eastland 1943, writ ref’d).   Rather, the improvements
to the land are considered part of the realty in takings cases.  State v.
Carpenter, 89 S.W.2d 979, 980 (Tex. 1936).  Consequently, we conclude that
the Logan test does not apply to Clear Channel’s condemnation claims.  See Harris County v. Clear Channel Outdoor, Inc., No. 14-07-00226-CV, 2008 WL 1892744,
at *4 n.3 (Tex. App.—Houston [14th Dist.] Apr. 29, 2008, no pet.).  

           Even so, application of Logan to the jurisdictional facts in the record under the standard of review
applicable to this appeal supports affirmance of the trial court’s decision. 
The record is undisputed that billboard structure permit applications require
the builder to plant the support pole and affix the structure to the land by
embedding the central pole in concrete.  Clear Channel held a renewable,
ten-year lease for parcel 709, and could not remove the billboard structure
without destroying it.  See Logan, 686 S.W.2d at 608 (holding that Logan's
culvert was permanently attached to realty as matter of law based on evidence
that tank was embedded under gravel road in clay or gravel, then packed with
dirt, cement and wood pilings, and was difficult to remove once embedded, facts
which revealed Logan’s intent at time he built culvert); Texas Pig Stands,
Inc. v. Krueger, 441 S.W.2d 940, 945 (Tex. App.—San Antonio 1969, writ
ref’d n.r.e.) (holding that lessee was entitled to compensation for
improvements made on land under ten-year lease agreement where record showed
improvements could not economically be removed); see also Harris County
Flood Control Dist. v. Roberts, 252 S.W.3d 667, 672–73 (Tex. App.—Houston
[14th Dist.] 2008, no pet.) (holding that evidence was legally sufficient to
support trial court’s determination that billboard sign structure was fixture
at time of taking).  This evidence meets Clear Channel’s burden to raise a fact
issue concerning the jurisdictional inquiry whether the billboard structure is
a fixture.  See Miranda, 133 S.W.3d at 228.

In the condemnation proceeding for
parcel 709, the State conceded that it did not include the billboard structure
in reaching a compensable value.  In its counterclaim, Clear Channel alleges
that the State intentionally exercised its right to take parcel 709 for public
use, which resulted in a taking of Clear Channel’s property interests in the
billboard structure as well, and Clear Channel seeks compensation under Article
I, section 17 of the Texas Constitution and the Fifth Amendment to the federal
Constitution for the State’s taking of those property interests.[1] 
We hold that the trial court properly denied the State’s plea to the jurisdiction.[2]

Conclusion

The trial court properly denied the
State’s plea to the jurisdiction.  We therefore affirm the judgment of the
trial court.  All pending motions are dismissed as moot.

 

Jane Bland

                                                          Justice

 

Panel consists of Justices Taft, Jennings and Bland.   

 

 

 









[1]
We lack the jurisdiction in this interlocutory
appeal to reach the State’s contentions concerning the proper fair market value
of Clear Channel’s billboard structure or other issues presented in connection
with the partial summary judgment proceedings.  See Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a)(5) (Vernon 2008).  Our review
at this juncture does not extend to whether the type or quantum of damages
sought by Clear Channel constitutes the appropriate measure and amount of just
compensation.  See Roberson v. City of Austin, 157 S.W.3d 130, 138–39 (Tex.
App.—Austin 2005, pet. denied) (reviewing propriety of damages question
submitted to jury); Tarrant Reg’l Water Dist. v. Gragg, 43 S.W.3d 609,
625 (Tex. App.—Waco 2001) (reviewing legal sufficiency of damages award and
observing that amount of damages is question of fact for jury), aff’d,
151 S.W.3d 546 (Tex. 2004).  

 





[2]
We decline the State’s suggestion that we
construe certain state statutes and municipal code provisions as narrowing a
property owner’s rights to just compensation in contravention of the federal
and state constitutions.